HENRY C. BRYANT, Plaintiff in Error, *v.* JOHN SEARS, Junior, *et al.*, Defendants in Error.

ERROR TO IROQUOIS.

Where parties sold a quantity of drugs, with the good will of their business, including certain patent medicines, promising also, to assist in obtaining the agencies for the sale of those medicines, and took notes as a part consideration of such sale and agreement; it was *Held:* that a failure of consideration might be pleaded to an action by an indorsee who had notice of the transaction before he acquired the notes.

THIS was an action of debt, commenced by the defendants in error, against plaintiff in error, in the Iroquois Circuit Court.

The declaration contains two counts, both on a sealed note for $645.97, given by plaintiff in error to one James Fletcher, and by Fletcher assigned to plaintiff below. The note bears date February 14th, 1854, and is payable on the 15th November, 1854.

The defendant below pleaded two pleas. The first alleges, that on the 14th February, 1854, the defendant below purchased certain goods, wares and merchandise of John Harwood and James Fletcher, and also the good will of said Harwood and Fletcher, as druggists, in the town of Middleport, Iroquois county, for the term of two years; and for and in consideration that said Harwood and Fletcher would bind themselves not to sell drugs, or keep a drug store, or go into the drug business, in Middleport, for two years, and for and in consideration that Harwood and Fletcher would assign to defendant below, the agency of certain patent medicines, and in consideration that they would use their influence and best exertions with the

owners of said patent medicines, to procure said owners to assign said agencies to defendant below, defendant paid them (Harwood and Fletcher,) $200 in cash, and executed to Fletcher two sealed notes; one for $100, the other, the note sued on ; and Fletcher and Harwood then executed and delivered to defendent below, a written agreement, (the notes and agreement were mutually delivered and exchanged at the same time, and by and between the same parties.) The plea then sets out Harwood and Fletcher's written agreement in *hæc verba.*

The plea then alleges, that Harwood and Fletcher violated the agreement in this, that they did, within thirty days after the making the agreement, fraudulently go into the drug business, in Middleport, and sold drugs there, in violation of the agreement, and did not use their influence and exertions with the owners of said patent medicines to procure them to transfer said agencies to defendant below, but they fraudulently procured the agencies of a part of said patent medicines to be transferred to Martin Van Buren Harwood, for their benefit, and retained a part themselves, with intent to cheat and defraud defendant below, by means of which, defendant below was damaged $1,000, and the consideration of said note had wholly failed, " of which the said plaintiffs had notice, at and before the assignment thereof to them the said plaintiffs." But the plaintiffs well knowing the premises, but contriving, etc., with Harwood and Fletcher to deprive defendant below of his just rights and legal defenses, took the assignment in bad faith, with a view to defeat defendant's remedy, wherefore he prays judgment, etc.

The second plea is substantially the same, except that it sets out the written agreement of Harwood and Fletcher, by its legal effect and not in *hæc verba.*

To these pleas, plaintiffs below filed · a general demurrer, which was sustained by the court, and the defendant abiding by his demurrer, judgment was rendered against him for the amount of the note and interest.

Plaintiff in error assigns for error, the judgment on demurrer.

This cause was heard before RANDALL, Judge, at April term, 1855, of the Iroquois Circuit Court.

W. H. L. WALLACE, JOHN PEARSON, G. B. IRWIN and J. R. M. BRYANT, for Plaintiff in Error.

N. OSGOOD, for Defendants in Error.

CATON, J. This action was brought upon a promissory note, by the assignee, to whom it was transferred before it became due. The defendant pleaded two pleas of total failure of con-

19

sideration, to which a demurrer was filed by the plaintiffs, and sustained by the court, which decision is now assigned for error.

The first plea avers, that the defendant purchased certain goods of Harwood and Fletcher, and also their good will as druggists, in the town of Middleport, for the term of two years; and for and in consideration that Harwood and Fletcher would bind themselves not to deal in drugs, in Middleport, for said two years, and that they would assign to the defendant their agencies for the patent medicines which they had placed in the hands of defendant; and also, in consideration that they would use their best influence and exertions to procure the owners of those patent medicines to transfer the agencies thereof to the defendant; the said defendant paid the said Harwood and Fletcher, the sum of $200, and executed the note sued on, and another note of one hundred dollars. The plea further avers, that at the same time of the execution of the notes, and the payment of the two hundred dollars, Harwood and Fletcher executed their agreement in writing to the defendant, which is set out in the plea in *hæc verba*, wherein they agree not to go into the drug business, and to transfer the agencies of the patent medicines, and to use their endeavors to procure the owners thereof to do so substantially, as is previously alleged in the plea. The plea then shows, that Harwood and Fletcher violated this agreement in every particular, by which, the defendant was damaged to the amount of one thousand dollars, whereby the consideration of the note had failed, etc., of which the plaintiffs had notice.

The second plea was like the first, except that it sets out the written agreement of Harwood and Fletcher, according to its legal effect, instead of reciting it verbatim, as in the first plea.

These pleas were evidently misapprehended by the circuit court, as they have been by counsel here. They do not, as was supposed, show that the stock of goods, the purchase of which is stated in the introductory part of the plea, formed any part of the consideration of the note. The purchase of the stock of goods is stated by way of inducement, but appears to have been a distinct transaction, and so far as appears in the plea, the goods were paid for, or were to be paid for, in some other way. The two hundred dollars in cash, and the two notes, were given, not for the stock of goods, but for the good will of the trade, and the undertaking of Harwood and Fletcher to use their exertions to procure for the defendant, the agencies of the patent medicines. This is the express averment of the pleas, and no other consideration is intimated in the pleas, nor could any other have existed, if the pleas are true. This consideration for which the note was thus given, is shown to have failed,

of which the plaintiffs had notice at the time of the assignment to them. When carefully examined, and properly understood, these pleas show a perfect defense to the note, under our statute, and the demurrer should have been overruled.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*