29  149
78a 185

THOMAS LORD *et al.,* Appellants, *v.* SAMUEL FAVORITE, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A person taking a note which is past due, must meet all objections that could be urged against it, in the hands of the original payee. *Caveat emptor* applies to such a note.

THIS is a suit by Favorite, as indorsee of the note of Lord & Smith, appellants, dated 18th April, 1861, payable to order

of Wahl Brothers, two months after date, for $589, and indorsed in blank by "Wahl Bros."

The defendant plead the general issue, and gave notice as follows:

"Take notice, that the above named defendants, on the trial of this cause, will give in evidence, and insist that, at the time when the note sued upon in this cause became due and payable, and for a long time before, and for a long time thereafter, it was the property of Francis A. Hoffman, Otto Gelpcke, and Alexander Siller, doing business in the city of Chicago, under the name and style of Hoffman & Gelpcke, and in their actual possession and control; and on the day of payment of said note, and while the same was still owned and possessed by the said Hoffman & Gelpcke, the said defendants then being, and for a long time before having been, the owners, and having the actual possession of a certain paper, commonly called a certificate of deposit, in words and figures substantially as follows, to wit:

$740.37.          CHICAGO, April 22, 1861.          No. 27291.

Buell, Hill & Granger have deposited with us seven hundred and forty and thirty-seven one-hundredths dollars, in currency, payable on return hereof to the order of J. H. Lester.

HOFFMAN & GELPCKE.

Indorsed as follows:

Pay Buell, Hill & Granger, or order.

J. H. LESTER.

Pay Lord & Smith, or order.

BUELL, HILL & GRANGER.

"Under and by virtue of which said certificate, and the said indorsements, the said defendants were entitled to have and demand of said Hoffman & Gelpcke, the said sum of $740.37, and that sum being then and there due to said defendants, from the said Hoffman & Gelpcke, the said defendants then and there applied to the said Hoffman & Gelpcke, and showed them the said certificate, so as aforesaid indorsed, and offered and demanded to surrender the same to them, and apply the same, or so much thereof as might be necessary to pay the said note, which the said Hoffman & Gelpcke refused to allow. And these defendants will further prove, that the

Lord *et al v.* Favorite.

said plaintiff took or procured the said note from the said Hoffman & Gelpcke long after the same became due and payable, and after the right of said defendants had accrued ; and that the said Hoffman & Gelpcke now do, and have ever since that time, owed the said sum of $740.37, to the said defendants, which sum is still due and unpaid, and that the said defendants will set off and allow, on the trial of this cause, so much of the said sum of $740.37, against the said demand of the said plaintiff on said note, as will be sufficient to satisfy and discharge the same, according to the form of the statute in such case made and provided.

"And the said plaintiff will take further notice, that on the trial of this cause, the said defendants will prove and insist, that whatever right the said plaintiff has in said note, if he has any right therein, was acquired after the same became due ; and that at the time when the same so became due, and while the same was the property of Hoffman & Gelpcke, through whom the said plaintiff procured the same, the said Hoffman & Gelpcke were, and ever since have been, and still are, indebted to the said defendant in the further sum of $740.37, upon a certain certificate, commonly called a certificate of deposit, becoming due the 22nd day of April, 1861, and payable in currency, on the return of said certificate to the order of J. H. Lester, and duly indorsed to the said defendant before the day of the payment of said note; and that the said defendant will set off and allow, on the trial hereof, so much of the said sum as will be sufficient to satisfy and discharge such demand, according to the form of the statute in such case made and provided."

On the trial, the plaintiff read in evidence the following note, and rested his case :

CHICAGO, April 18, 1861.

Two months after date, we promise to pay to the order of Wahl Brothers, five hundred and eighty-nine dollars, at Western Marine Bank, value received.

LORD & SMITH.

Indorsed, WAHL BROS.

The defendant then offered to prove, by two witnesses, all the facts set forth in the notice ; and also offered the certificate of deposit, mentioned in the notice, and that on the day

the defendant offered to Hoffman & Gelpcke as set out in
the notice, there was posted in their (H. & G.'s) bank, a notice
that bills of all Illinois banks would be taken in payment of
notes due them.

The testimony was objected to by plaintiff, and objection
was sustained by the court, and defendants excepted.

The jury then found a verdict for plaintiff, for $606.08,
being twenty-four cents in excess of the principal and interest
on the note.

The defendant moved for a new trial on the following
grounds: The court improperly excluded testimony offered
by defendants; the verdict was against the evidence; and the
damages are excessive.

The motion was overruled, and judgment entered for
amount of verdict, and appeal taken.

The errors assigned are, that the court below erroneously
excluded the testimony of the defendants, and that the verdict
was for more than the amount of the note and interest.

HURD, BOOTH & POTTER, for Appellants.

Cited, 5 Johns. 356; 4 Mass. 372; Chitty on Bills, 98, 119;
1 Camp. 383; 3 T. R. 81; Caines, 372; 11 Johns. 510.

ARRINGTON & DENT, for Appellee.

Cited, *Root* v. *Irwin,* 18 Ill. 147.

This was a question depending upon statutory law, and the
ruling just cited involved a construction of both the 19th sec.
of chap. 83 of the Rev. Stat. of 1845, and the 8th sec. of
chap. 73 of the same statutes.

The English rule is thus stated: "A party taking an over-
due bill or note, takes it subject to the equities to which the
party delivering the paper to him was subject, but with this
restriction, that the equities must be such as arise out of the
bill or note transaction itself, and hence he is not subject to a
set-off in respect to a debt due from the indorser to the maker
of the note, arising out of collateral matters." Chitty on
Bills, 12th Am. ed., p. 220; *Burrough* v. *Moss,* 10 B. & C.,
p. 558; 5 M. & R., p. 296.

' In the second place, it may be remarked, that the claim of Lord & Smith against Hoffman & Gelpcke, does not appear to have been in a condition to constitute the subject of a set-off, even if the note had been sued by the latter. To be a matter of set-off, a debt must be completely due and in arrear at the bringing of the action. 1 Chit. Pl. 572.

WALKER, J. It will not be contested, that a person taking a note, after its maturity, receives it subject to all equities existing between former parties to the instrument, whether they are or not apparent on the note. It is dishonored by not being taken up at its maturity. It comes to him tainted with suspicion, and he is put upon inquiry as to the rights of the former holders, and the real and not the apparent liability of the makers. He takes it precisely as it was held by those from whom he acquires his title. The maxim, *caveat emptor*, applies in such a case. If the offer of the makers in this case, then, gave them a defense to the note, all persons subsequently receiving it, took it subject to the same right. If the proposition of the makers to discharge the note after its maturity, with the certificate of deposit, which they held on the payees, and before they parted with the note, constituted a satisfaction, the liability of the makers has not been revived.

It will be conceded, that if the payees had instituted this suit, the makers could have availed themselves of this defense. Or had they sued for the use of the present holder, that the defense would have been available. It was held by this court, in the case of *Copps* v. *Graham*, 14 Ill. 198, that a payment made by the maker, on a note transferred after its maturity, although not indorsed, might be set up against a subsequent holder, although without notice at the time of his purchase. Again, in the case of *Wright* v. *Taylor*, 3 Gilm. 195, it was held, that where a note was transferred to the bank by the payee, and afterwards taken up by him at its maturity, with paper of the bank worth but twenty-six cents on the dollar, the maker thereby acquired the right to discharge the note in the same kind of funds. The court say, that had the bank assigned the note to a stranger, its assignee would have suc-

ceeded to its rights, subject to every equity existing between it and the maker.

In the first of these cases, there was no indorsement by the makers on the note, to put the purchaser on inquiry through whose hands it had passed, to enable him by inquiry to ascertain the equities existing between the maker and those who had owned it, and yet he was bound by the payment to a previous holder. In the latter case, the maker's right to pay the note in the depreciated paper of the bank, attached when it became the purchaser, and after its maturity, the right could not be defeated by assignment. In both cases, the holders took the instrument, precisely as it was held at maturity, subject to the same legal or equitable defenses. In what consists a difference in principle, between those cases and the one under consideration? We are able to perceive none, and think they must control this.

It was urged, that the case of *Root* v. *Irwin*, 18 Ill. 147, announces a different rule. In that case, Irwin, the maker, held a note on Newby, at the time he became a purchaser of Irwin's note. The court say, it does not appear the maker ever knew that Newby was the holder, during the time it was held by him, or previous to the time when he had notice that it was transferred to Root. It is also said, that the plea does not disclose the fact, that the maker held the note against the intermediate indorsee, whilst it was in his hands. In this case, it does appear that the makers knew that the payees held the note, whilst they had the claim against the payee. And it appears, that after the maturity of the note, they held the certificate, and offered to set it off after the note became due.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*