# CHARLES PACKWOOD

*v.*

## ASAHEL GRIDLEY.

1. JURISDICTION IN CHANCERY—*where there is a defense at law.* Where a party has a defense which is available at law, and has had an opportunity to insist upon his rights in a court of law, and in a suit directly involving them, and has failed to do so, he is barred by his own *laches* from asking the question to be re-opened on the chancery side of the court.

2. SAME—*in what manner and at what time to assert the want of jurisdiction.* The objection to the jurisdiction of a court of chancery, that the party has his remedy at law, may be made availing, even though it is first made on the hearing, where it appears that he has had an opportunity to insist upon his rights in a court of law, and in a suit directly involving them, and has neglected to do so.

3. VENDOR AND PURCHASER—*rights of a purchaser who pays off an incumbrance.* Where a purchaser of land redeems the same from a sale on foreclosure of a mortgage given by his vendor prior to his purchase, when it was the duty of the vendor to have made the redemption, the purchaser has a right to have the amount so paid applied as a payment on his notes given for the purchase-money.

4. ASSIGNEE WITH NOTICE—*subject to what defenses.* Where a party receives the assignment of a note before maturity, with notice of the maker's rights in respect thereto, he will hold the note subject to whatever rights of set-off existed as against the payee.

5. NOTICE—*what constitutes.* Where the assignee of a note, at the time of the assignment, requests and receives as security from the assignor a conveyance of land, for the purchase-money of which the note was given, with a provision in the deed that the assignee is to comply with the terms of the contract of sale to the prior purchaser, the assignee will be held to have actual notice of the character of the note.

6. The sale of the note and the deed of the land to the assignee being all one transaction, he must also be held to constructive notice in regard to the note of whatever the records brought to his knowledge in regard to the title of the land.

7. So, where the prior purchaser had redeemed the land from a sale on foreclosure of a mortgage given by his vendor before his purchase, and the certificate of redemption was recorded at the time of the assignment of the note, the assignee would hold the note subject to whatever rights of set-off, growing out of the redemption, existed in favor of the maker against the assignor.

8. SPECIFIC PERFORMANCE — *when granted.* A purchaser of land gave his notes for the purchase-money, and afterward redeemed the land from a sale on foreclosure of a mortgage given by his vendor, and which it was the duty of the latter to have satisfied. Subsequently, the vendor assigned the notes which were unpaid, including the last of the series, to a party who had notice of all the maker's rights in respect thereto. The assignee obtained a judgment at law upon a portion of the notes, the maker neglecting to interpose any defense to them. On the bill in chancery filed by the maker to enjoin the judgment at law, and for a specific performance, it was *held,* that, having neglected to insist upon his right of set-off, arising out of his redemption from the mortgage sale, in the suit at law, he was barred from setting it up in equity; but as to the last note in the series, that, not being included in the judgment, the maker had the right, upon offering to bring into court the amount due on the judgment, to have that note surrendered and canceled, it being paid by means of the redemption, and to a deed to the premises, after paying the judgment.

9. PARTIES IN CHANCERY — *bill for specific performance.* In such case, although the assignee of the notes also took a conveyance of the land for the purchase-money of which the notes were given, as security, and therein agreed to comply with the terms of the bond given by the prior vendor for a conveyance to his vendee, yet in the suit in chancery for a specific performance, the vendor should be made a party.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. A. E. HARDING, for the appellant.

Mr. W. H. HANNA, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 6th of September, 1857, Corydon Weed sold to Charles Packwood a tract of land for which the latter gave one note for $172.80, due in ten days, and eight notes for $360 each, of which one was to fall due annually during the next eight years. At the time of this sale the land was subject to a mortgage in favor of one Fell. At the March Term, 1857, of the Circuit Court, Fell filed his bill to foreclose said mortgage,

making Weed and Packwood parties, and obtained a decree, by virtue of which the lands, on the 11th of May, 1859, were sold by the master. On the 11th of May, 1860, Packwood redeemed the land, paying $1,176.97, and the certificate of redemption was duly filed and recorded. Corydon Weed on the 4th of September, 1858, conveyed the land to Peter Weed. On the 4th of October, 1861, Corydon Weed indorsed the unpaid notes to Asahel Gridley in part payment of a debt due him from Corydon and Peter Weed; and at the same time, to secure said notes, Peter Weed conveyed the land to Gridley, with a clause in the deed that it was made subject to the Packwood bond, "said Gridley agreeing to comply with the terms of said bond." At the March Term, 1865, of the Circuit Court, Gridley obtained judgment by default against Packwood on the two notes falling due in six and seven years from date, whereupon Packwood filed his bill to enjoin the collection of the judgment, and also the collection or assignment of the note not then due, and praying for a conveyance. On the hearing, the bill was dismissed and the complainant appealed.

So far as concerns the judgment, this decree was unquestionably right. The complainant had had full opportunity to make his defense, and the proof shows no excuse whatever for his failure to do so. It is urged, however, by his counsel, that the objection that there is a complete remedy at law, must be made to a bill in chancery by demurrer, or insisted upon in the answer, in order to be available; and various authorities are quoted to that effect. But the objection in this case is something more. It is, that, having had an opportunity to insist upon his rights in a court of law, and in a suit directly involving them, and having failed to do so, he is barred by his own *laches* from asking the question to be re-opened on the chancery side of the court. Whatever defense the appellant has against these two notes could have been as well made in the suit at law as in equity. He is now too late. This point has been so often ruled by this court as not now to need further consideration. *Elston* v. *Blanchard*, 2 Scam. 420; *Abrams* v. *Camp*, 3 id. 290; *Scott* v. *Whitlow*, 20 Ill. 310; *Ballance* v. *Loomis*, 22 id. 84.

As to the unpaid note, being the last of the series, we are of opinion that if the bill had offered to bring into court the amount due upon the judgment, and if, furthermore, Corydon Weed had been made a party, the complainant would have been entitled to a surrender and cancellation of that note, and to a deed for the premises, after paying the judgment. When Gridley bought these notes he had actual notice of what was their consideration. This is clear from the fact disclosed in the evidence, that he insisted on and received a conveyance of the land to himself, as security, but with a provision that he was to comply with the terms of Weed's contract with Packwood. Besides this actual notice as to the character of the notes, he had constructive notice of the fact that Packwood had redeemed the land from the sale under the mortgage—that is, had paid $1,176.97 for the use of Weed, and which Weed ought to have paid under the covenants in his bond. Packwood had the right to pay this money to preserve his land. He waited until the last day for redemption, probably with the hope that Weed would redeem, and then, finding the title of his land about to become absolute in another, he advances the money. There can be no doubt that this money, as between Weed and Packwood, should be applied as a payment on the notes. When Gridley bought them he did so with the constructive knowledge that this money had been advanced by Packwood in such a mode as to entitle him to apply it as a payment. The sale of the notes and the deed of the land to him were all one transaction, and he must be held to notice in regard to the notes of whatever the records brought to his knowledge in regard to the title of the land. He therefore bought subject to whatever rights of set-off growing out of the redemption existed as against Weed.

The only error committed by the court below, as the pleadings now stand, was in not dismissing the bill without prejudice. We therefore reverse the decree and remand the case, with leave to the complainant to amend his bill by making Corydon Weed a party defendant, and by offering to bring into court, on being so directed, the amount due Gridley on the judgment.

The costs of this court will be taxed against the appellee, but all the costs of the court below, up to this time, will be taxed against the appellant.

*Decree reversed.*