# GEORGE JAY

*v.*

# HENRY C. REED.

1. ASSIGNEE BEFORE MATURITY, *with notice — subject to defense of usury.* Where a promissory note is given for an usurious consideration, and the payee indorses it to a party having notice of that fact, the usury is a good defense to the note as to such assignee without regard to the time of his ownership.

2. SECOND ASSIGNEE, *after maturity*. And a second assignee of the note, after maturity, must take it subject to the equities which properly attach thereto between the maker and the first assignee.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Mr. J. I. TAYLOR and Mr. T. J. HENDERSON, for the appellant.

Messrs. STIPP & GIBONS, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellant was sued on a promissory note, executed by him to Cephas Clapp, who indorsed to Kelsey, and he to appellee.

The defense of usury was interposed to a portion of the note, and it was alleged that it was assigned after maturity.

Upon a trial the whole amount of the note was recovered.

There is proof in the record, from which it may be inferred that the first assignee, who received the note before maturity, had full knowledge of the usury, and that appellee obtained the note after its maturity.

The court gave the following instructions:

" That if Clapp indorsed his name on the note and delivered it to Kelsey as a purchaser, before its maturity, and Kelsey delivered it so indorsed to Reed, either before or after its maturity, that then they must find for Reed, and that it is not material whether Kelsey and Reed, or either of them, had notice of the alleged usury."

If the first assignee had notice of the usury, it was a good defense, as to him, without regard to the time of his ownership. He was not an innocent holder, but had full knowledge of the rights of the maker. He did not take it free of all equities between the antecedent parties.

If the note was over due when indorsed to appellee, then he took it subject to the equities which properly attach thereto between the maker and the first assignee. The note was payable at a specified time, and had become due and was dishonored when it came to the possession of appellee. He then was not a *bona fide* holder, without notice. It was his duty to inquire as to the rights of the former holders and the liability of the maker. *Lord et al.* v. *Favorite*, 29 Ill. 149.

The court should have submitted to the jury the question of usury, and Kelsey's knowledge of it.

The instruction given was therefore erroneous.

The judgment is reversed and the cause remanded.

*Judgment reversed.*