## Matthew Henneberry

*v.*

## John M. Morse *et al*

1. Failure of consideration — *notice of to assignee — what constitutes.* A promissory note contained the following clause: " This note is given for part of the purchase price of the property, on lot 2 on block 15, in the original plat of the city of Galesburg, Knox county, Ill., lately occupied by A. Thorsalle : " *Held*, while such clause in the note fully notified the assignee or purchaser of the true consideration, it was not of itself sufficient to advise him that there was or would necessarily be a failure of the consideration, but it was evidence, in connection with other evidence, to be considered by the jury on the question of notice.

2. NOTICE — *what will constitute.* Ordinarily, if the facts would put a prudent and cautious person on inquiry, and the party willfully shuts his eyes against the lights to which his attention is directed, and which, if followed, would lead to a knowledge of the true facts, he must suffer the consequences of his own negligence.

3. INSTRUCTIONS — *need not be repeated.* It is not error to refuse an instruction wherein the principle sought to be announced is substantially contained in another instruction given.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action brought by Henneberry, as assignee of Lynch, against John M. Morse and Sarah Morse, upon a promissory note executed by the defendants to Lynch. A trial resulted in a verdict and judgment for the defendants. The plaintiff appealed.

The grounds of the alleged errors are set forth in the opinion of the court.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The single question presented in this case is, whether the appellant had sufficient notice of the failure of the consideration of the note upon which the action was brought, before he purchased the same of the payee.

It is not denied that there has been a total failure of the consideration. The note contained this clause, " this note is given for part of the purchase price of the property on lot 2 on block 15 in the original plat of the city of Galesburg, Knox county, Ill., lately occupied by A. Thorsalle."

While this clause in the note fully notified the assignee or purchaser of the true consideration, it was not, of itself, sufficient to advise him that there was, or would necessarily be, a failure of the consideration, but it was evidence in connection with other evidence to be considered by the jury on the question of notice. What will constitute notice is sometimes a very difficult question. It is a general rule, that every case must rest

on its own facts and circumstances. Ordinarily, if the facts would put a prudent and cautious person on inquiry, and the party willfully shuts his eyes against the lights to which his attention is directed, and which, if followed, would lead to a knowledge of the true facts, he must suffer the consequences of his own negligence.

Consistently with this reasonable rule we hold that the facts in this case were sufficient to have put the appellant on inquiry, and if inquiry had once been instituted it would have led to a full knowledge of the entire transaction.

The clause in the note was actual notice to him of the true consideration, and upon the question of whether he had notice of the failure of that consideration there was a direct conflict of evidence. The jury were the better judges of the credibility of the witnesses. This court has repeatedly said that, where there is a contrariety of evidence, and the case has been fairly submitted on proper instructions, we will regard the finding of the jury as settling the controverted facts. After a careful consideration we can not say that the verdict is not warranted by the evidence. The witnesses, so far as we can know, were of equal respectability. Their testimony is flatly contradictory, and in all such cases it is the peculiar province of the jury to determine the weight of the evidence. The jury by their verdict have found that the appellant had notice, before he took the note, of the defenses that existed against it, and we can not undertake to say that they found incorrectly.

It is insisted that the court erred in refusing to give the instruction numbered eight in the series asked on behalf of the appellant. The principles sought to be announced in that instruction were substantially contained in the third instruction which was given. The court was not bound to repeat it, and there was therefore no error in the action of the court in refusing to give the same instruction the second time.

We can discover no substantial error in the record, and the judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*