## MICHAEL YORK

*v.*

## JOHN P. BRISCOE *et al.*

1. JUDICIAL SALE—*duty of officer to file certificate of sale.* It is the duty of a sheriff, when he makes a sale of real estate under execution, to make out and file the certificate required by the statute within a reasonable time thereafter, so that the parties whose interests are affected may have notice.

2. SAME—*right to redeem after the statutory time.* Where land was sold under execution, and no certificate of the sale was filed until nearly nine months after, for the reason that the purchaser neglected to pay the costs, and the owner applied at the sheriff's office to learn whether any sale had been made, and was informed by the principal deputy that none had been made, and there was nothing to be found in the sheriff's office to indicate the contrary, so that the owner was prevented from redeeming within the time allowed by the statute: *Held,* on bill in chancery, to set aside the sale and to redeem, that the owner was entitled to the relief sought.

3. SAME—*notice of irregularities to purchaser of certificate of purchase.* Where the owner of land sold under execution had deposited the redemption money with the sheriff after the time for redeeming, claiming the right to redeem on account of the misconduct of the officer and purchaser, it was *held,* that notice of this fact to one purchasing the certificate of purchase was sufficient to put him upon inquiry, and that he could not be regarded as an innocent purchaser.

APPEAL from the Circuit Court of Clark county; the Hon. H. B. DECIUS, Judge, presiding.

Mr. O. B. FICKLIN, for the appellant.

Messrs. SCHOLFIELD & WILKIN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to have a sheriff's sale set aside and to redeem the lands, on the ground of the misconduct of the sheriff and the purchaser, the latter being himself the execution creditor, by reason of which wrongful acts the complainants were prevented from redeeming their lands within the time limited by the statute. The circuit court decreed the relief sought.

The cause was before this court at a former term on a demurrer to the bill. 53 Ill. 485. It was then held, the facts alleged in the bill, if proven, would entitle appellees to equitable relief. On the cause being remanded, it was heard on its merits. The evidence of the parties in interest is quite conflicting, but, from a full and careful consideration, we are satisfied the material allegations of the bill have been substantially proven.

There are some facts about which there can be no dispute. The sale, if it was in fact a sale, was made on the 14th day of March, 1858. Two examinations were made, one in May or June, and the other in October following, to ascertain whether property had been sold on the execution, and on both occasions the party was assured by the deputy sheriff, after very thorough investigation, that no sale had been made.

No evidence in writing could be found in the office of any sale on the execution.

One of appellees was shown a notice of sale under the execution, which the sheriff had caused to be pasted in a book kept for that purpose, with the words: "Ret. by order of the plaintiff," written across the face. It was the duty of the sheriff, if he made the sale, to make out and file the certificate·required by the statute within a reasonable time, so that

the parties whose interests were affected might have notice. This he failed to do. Nearly nine months elapsed before the certificate, or indeed any evidence in writing of the sale, was filed in the proper office. This extraordinary delay was occasioned by the conduct of the purchaser in not paying the costs. If he intended to complete his purchase he ought to have complied with the terms of his bid within a reasonable time.

Appellees could properly rely upon the information received at the sheriff's office from the principal deputy, and no *laches* can be imputed to them in that regard.

It is apparent, from the evidence, appellant had notice before he purchased the certificate that appellees had deposited the redemption money with the sheriff, and claimed the right to redeem the land. This fact was sufficient to put him upon inquiry, and by reasonable diligence he could have learned all the facts in relation to the transaction. The rule is well settled, if a party fails to avail of the information to which his attention has been directed by facts and circumstances sufficient to put a prudent person on inquiry, he does so at his peril. *Henneberry* v. *Morse*, 56 Ill. 394.

Appellant, therefore, can not be regarded as an innocent purchaser. He must be considered as having purchased the certificate subject to all the equities existing between the original parties.

Under the views expressed by the court in its former opinion on the evidence preserved in the record, the circuit court decided correctly in decreeing the relief sought by the bill, and its decree is affirmed.

*Decree affirmed.*