## E. M. BRADLEY

### v.

## DANIEL C. LINN ET AL.

1. PARTNER EXECUTING NOTES.—The law implies authority of one partner to execute notes, or other commercial paper, only where, from the nature of the partnership, the authority is necessary to the successful carrying on of the business engaged in, or when its exercise is according to usage and custom in partnership enterprises of the like character.

2. TAKING PROMISSORY NOTE AFTER MATURITY.—A person taking a note after its maturity receives it subject to all equities existing between former parties to the instrument whether apparent on the note or not.

APPEAL from the Circuit Court of Schuyler county; the Hon. J. C. BAGBY, Judge, presiding. Opinion filed February 25, 1886.

Appellees Linn and Jacoba with Farnell and Ellet entered into a partnership " for the purpose of manufacturing pottery ware and all things thereto belonging."

The written article after stating the details, uses the following language in reference to Ellet: " Louis R. Ellet, on his part, agrees to manage and superintend the erection of buildings and kiln, to defray one third of the expenses, to use all his energy, skill and labor in making, burning and getting ready for market and marketing the pottery ware." The firm, under the articles, did business under the name of the " Frederick Stoneware Company," and was known as such. Ellet was the business manager and did the business of the firm.

On the 18th day of December, 1883, Farnell made an arrangement with Ellet, which was unknown to the other two partners, to receive from Ellet a partnership note for certain advances he had made to the firm, beyond, as he claimed, his true proportion, and on that day, Ellet executed and delivered to Farnell a note for $110.45, due ninety days after date, signing the same " Frederick Stoneware Co., by L. R. Ellet, Pres."

This note, long after its maturity, viz., December 3, 1884, was assigned by Farnell to appellant, who brought suit upon it before a justice in the name of Farnell for appellant's use, and

against Farnell, Linn, Jacoba and Ellet. Service was had upon Linn and Jacoba.

On appeal to the circuit court the summons was amended by striking out "Farnell for the use of," leaving the suit in name of appellant as plaintiff.

Linn and Jacoba filed in the circuit court their affidavit denying that they executed the note or authorized it to be done. Upon the trial in the circuit court judgment was rendered against appellant for costs.

Mr. E. J. PEMBERTON and Mr. L. A. JARMAN, for appellant.

Mr. W. L. VANDEVENTER, and Messrs. MONTGOMERY & GLASS, for appellees.

CONGER, J. Appellant is not entitled to recover for two reasons: First, there was no authority in Ellet to execute a partnership note, either in the articles of copartnership or the character of the business they were carrying on.

It is well settled that the law implies authority of one partner to execute notes, or other commercial paper, only where, from the nature of the partnership, the authority is necessary to the successful carrying on of the business engaged in, or when its exercise is according to usage and custom in partnership enterprises of the like character. Gray v. Waul, 18 Ill. 32.

"If there be a copartnership in a matter of business not requiring the execution of negotiable paper as the proper, usual and convenient mode of executing it, the copartners will not be impliedly bound by the act of one, but must give him express authority." 1 Daniel on Neg. Inst., Sec. 358.

Chitty on Bills, 58, uses the following language: "The partnership must be in a trade or concern to which the issuing or transfer of bills is necessary or usual."

We see nothing in the character of the business carried on by these parties making it necessary, as a part of the business, to execute commercial paper. It might occasionally be necessary to purchase machinery or supplies on credit,

but no more so than in mining or gaslight companies or copartnerships to carry on the business of farming, in all of which cases the power has been held not to exist. In all commercial or other copartnerships where buying and selling is the principal business of the firm, it can not be successfully carried on without the power existing in each partner to pledge the credit of his firm, and in such cases the law properly implies it.

Again, should there be a doubt upon the question of Ellet's authority to execute a firm note to a stranger, there can be none when such note was issued to Farnell, who knew that Ellet had no such authority, and in his hands it very clearly would not bind the other member of the firm, and appellant, having taken the note after its maturity, stands in no better position.

"A person taking a note after its maturity receives it subject to all equities existing between former parties to the instrument, whether they are, or not, apparent on the note. It is dishonored by not being taken up at its maturity. It comes to him tainted with suspicion and he is put upon inquiry as to the rights of the former holders, and the real and not the apparent liability of the makers. He takes it precisely as it was held by those from whom he acquires his title. The maxim *caveat emptor* applies in such a case." Lord et al. v. Favorite, 29 Ill. 149; Sec. 11, Chap. 98, Rev. Statutes; Jay v. Reed, 56 Ill. 130.

We do not deem it necessary to express an opinion upon the question urged upon our attention by counsel as to the power of one copartner to execute a partnership note to another copartner, as we think upon the general principles referred to, there was no power in Ellet to bind the firm by the execution of the note in question; while it may be the circuit court reached its conclusion by a different process and for other reasons than those we have endeavored to assign, we think the judgment in favor of appellees for costs was proper and must therefore be sustained.

The judgment of the circuit court will be affirmed.

Affirmed.