HOPKINS & HAMMOND

v.

M. M. WITHROW.

*Negotiable Instruments—Notes—Consideration—Failure of—Notice—Sec. 9, Chap. 98, R. S.*

1. A person taking commercial paper before due for a valuable consideration, without knowledge of any defect of title and in good faith, holds the same by a valid title.

2. Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, will not defeat his title. *Bona fides* should be the decisive test of the holder's rights.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. CHARLES P. KANE and CONKLING & GROUT, for appellants.

Messrs. ORENDORFF & PATTON and PATTON & HAMILTON, for appellee.

WALL, P. J.    This was an action of assumpsit upon two promissory notes executed by appellee to C. Aultman & Co. (a corporation), and by the payee assigned to appellants before maturity.    The defense was, that the consideration had failed and that the plaintiffs had notice thereof before acquiring the paper.    Upon a trial by jury there was a verdict for the defendant, and the court overruling a motion for new trial, rendered judgment against the plaintiffs for cost.

We have carefully examined the evidence, and assuming for the present purpose that the consideration failed, we find nothing substantial upon which to rest the charge that the plaintiffs had notice of the fact.    At the instance of the defendant, the court instructed the jury that if the plaintiffs "as ordinarily prudent men had reason to believe from circumstances brought to their knowledge before they purchased the same (the notes in suit), that defendant had or claimed to have a defense to said notes, then the plaintiffs are not innocent holders of said notes and the defendant is entitled to set up the same defense that he could have interposed had suit been brought on said notes by C. Aultman & Co."    The quotation is from the third of the instructions given for the defendant, and the same rule is suggested in the sixth and eighth, though in the last there is the qualification that the facts and circumstances must be so strong as to show bad faith in the plaintiffs.

Our statute, Sec. 9, Chap. 98, provides that a want or failure of consideration may be set up as a defense to an action upon a promissory note, "provided that nothing in this section contained shall be construed to affect or impair the right of any

*bona fide* assignee of any instrument made assignable by this act, when such assignment was made before such instrument became due."

In Comstock v. Hannah, 76 Ill. 530, the Supreme Court had occasion to consider an instruction announcing the rule stated in the third instruction under consideration, and held it erroneous. The court quoted from the opinion of Lord Denman in Goodman v. Harvey 4 Ad. & Ell. 70, as follows: " I believe we are all of opinion that gross negligence only, would not be a sufficient answer where the party has given a consideration for the bill. Gross negligence may be evidence of *mala fides* but it is not the same thing; we have shaken off the last remnant of the contrary doctrine. Where the bill has passed to the plaintiff without any proof of bad faith in him, there is no objection to his title."

The court also quoted from the opinion of the Federal Supreme Court in Murray v. Lardner, 2 Wall. 110, as follows: " The party who takes it ( commercial paper ) before due for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against the world. " Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or gross negligence on the part of the taker, will not defeat his title."

Other cases were cited in which it was laid down as settled law that mere negligence, however gross, is not sufficient to deprive a party of the character of a *bona fide* holder, and the court say in conclusion, " We accept the doctrine of these cases as correct in principle and sustained by the great weight of authority," though admitting that there might have been a seeming recognition of the opposite doctrine in some of the earlier decisions of the court. It was said, however, that in these cases there was no more than an incidental assumption without discussion that such was the rule, and that there was nothing in previous decisions to preclude the adoption of what the court was satisfied was the correct doctrine in principle and the prevailing rule of law.

The doctrine thus established has not been departed from so

far as we are advised. Certainly it has not been overruled by any later decision brought to our notice.

The doctrine is, no doubt, supported by the current of judicial ruling both in England and America and is consistent with the experience and judgment of the commercial world. 1 Daniel on Neg. Inst., Secs. 770 to 776. *Bona fides* should be the decisive test of. the holder's rights.

We think the third and sixth instructions were erroneous and should have been refused, and that there are certain expressions in the first, second and eighth, which, when taken in connection with the third and sixth, would mislead the jury to suppose that facts sufficient to put the plaintiffs upon inquiry would charge them with notice of the defense.

Upon the evidence, as it appears in the record, the plaintiffs were entitled to a verdict, and the result was, no doubt, produced by these instructions. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*