## FERDINAND EHRLER

### V.

## JANE WORTHEN.

*Negotiable Instruments—Notes—Consideration—Failure of.*

1. Where a husband acts as the agent of his wife in a business transaction, the knowledge he acquires while so acting, is, in law, the knowledge of the wife.

2. The question of the interpretation of a written contract is for the court.

3. Declarations of an agent, made at a time when not engaged in the transaction of the principal's business, are not admissible as original evidence against the principal. The act and the declaration must unite in order to make such declarations original evidence.

4. No contingent event that *may* happen after the transfer of a promissory note, can affect its negotiability.

5. In an action brought to recover upon a promissory note, the plaintiff being the assignee thereof, the same being given for one year's rent of a certain farm rented under a five years' lease, it providing that in case of damage from high water the rent should be reduced according to the damage done, the fact being, that no damage from such cause occurred until after the transfer of the note, this court holds, said note having been transferred as collateral security for an indebtedness less than its face, that as to such sum the judgment for the plaintiff could not be disturbed, but that as to the residue, any defense could be interposed as to the assignee, that could have been raised between the original parties.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Mr. R. J. STEPHENS, for appellant.

Messrs. SMITH, MCELVAIN & HERBERT, for appellee.

MR. JUSTICE SAMPLE. Appellee, as assignee of a note made by appellant to Vanover, of date August 27, 1891,

due one year after date, for $500, given for the rent of a farm, brought this suit and obtained a verdict for $365, which was sustained by the court.

The defense, set up by special plea, was that the consideration of the note was the yearly rental of a farm, located in the Mississippi bottom, which was subject to overflow, and that the written lease therefor, which was concurrent with the note, provided that in case the water did overflow or damage the crops on said land, then that the rent should be reduced according to the damage done; that before said note matured, the water did overflow said land, and damaged the crops thereon to the amount of $1,500, whereby the consideration of said note has wholly failed, and that the plaintiff, before the assignment of the note to her, had full notice, etc.

The evidence shows the following state of facts: that Simon Worthen, the husband of the plaintiff, was security for the lessor, Vanover, on a note to the Harrison Machine Works, on which judgment had been taken in the Circuit Court before the note in suit was executed, for the sum of $364. Vanover arranged with Worthen to pay said judgment, and he would secure him by the assignment of the Ehrler note, when given. Jane Worthen, the appellee, was a lady of means, obtained from an estate, and her husband, Simon Worthen, arranged to borrow the money of her, agreeing to give this note in suit to her as collateral security for such loan. The appellee made the loan to her husband, who paid the Vanover judgment, and about the first of September, 1891, in a few days after the Ehrler note was made, she received the note in suit assigned by Vanover.

Simon Worthen made the arrangements, as agent of his wife, for obtaining the Ehrler note from Vanover.

Before taking the note, he read the lease and knew of its terms and conditions. Being the agent of his wife in the transaction, the knowledge he acquired thereby was, in law, the knowledge of appellee. She took the note with notice of the terms and stipulations in the lease.

Conceding that the appellant's construction of the terms

of the lease is correct, the effect of that notice was, that, if thereafter, during the first year, the water overflowed the land rented, and injured the crops thereon, the rent should be reduced according to the amount of the damage done.

Conceding further, that the evidence shows the crops were greatly injured by the overflow in May, 1892, and that the appellant probably sustained damage to the extent, at least, of the amount of the note, the real question is, do these facts constitute a defense to this note?

The defense set up in the special plea is, that appellee took the note, with notice that the consideration *had* wholly failed.

The evidence shows, indisputably, that the consideration of the note, at the time it was assigned to appellee, *had not* failed. At that time the consideration of the note was intact, and prescient knowledge alone could have foretold the coming of the flood in May, 1892.

The appellee became the assignee of the note about September 1, 1891, and took it free from the contingent event of a flood occurring thereafter to the injury of appellant's crops, although she knew, before the assignment, of the provisions of the lease in regard thereto.

The note is a negotiable instrument executed by the appellant for a good consideration. No contingent event that might thereafter happen could affect its negotiability. To so hold would be to destroy very largely the value and use of notes as negotiable instruments.

It is set up in the plea that the note was concurrent with, and part of the contract of lease, and its only consideration was the rent to accrue from the farm for the year of said lease, ending August 27, 1892.

With every note there is a concurrent contract of some nature, the consideration of which is an agreement between two or more persons to do, or not to do, some particular thing, either at the time of the execution of the note or thereafter; as that A will loan B money, if B will give A his note according to terms agreed upon. If A pays over the

money at the time B gives his note, the concurrent contract is executed. If he fails to do so, and yet obtains B's note, the concurrent contract has matured, 'and an assignee taking such note, with notice before purchase of A's failure to comply with his part of the contract, would take the note subject to such defense, as the consideration for the execution of the note had at that time failed. If, however, B gave his note to A in consideration of a concurrent agreement that A was thereafter to permit B to check on such amount when desired, and such note should be sold and assigned to C before notice of any default in such concurrent agreement, but with notice of the original agreement itself, C would take the note free of the contingent event of a breach of such contract.

The concurrent contract is bilateral, and therefore subject to any defense that might arise before its complete execution. The note is a unilateral contract, an unconditional promise to pay a certain sum of money which, under the law, before its maturity in the hands of an assignee, without notice before purchase of a breach of the bilateral contract, is unaffected by the terms thereof.

The contract set up in the plea was itself a part of the consideration of the note, assuming that it properly interprets the contract.

There had been no breach of that contract at the time appellee purchased the note, and the law did not require her to assume that there would be. The appellant retains that consideration. As between the original parties, assuming the appellant's interpretation of the contract is correct, the note was, in May, 1892, by the damage done by the flood, satisfied, as fully as if paid by the maker; yet no one would contend that even if, under the terms of the lease and the note, the right existed, or was reserved, to pay the note in May, 1892, and it was, in fact, then paid to the payee and he had before assigned the same, that such payment could be pleaded as a defense. The counsel for appellant cites the following authorities in favor of his position that the failure of consideration was available to the appellant:

Sec. 9, Chap. 98, R. S.; Bryant v. Sears, 16 Ill. 288; Hamill v. Mason, 51 Ill. 488; Packwood v. Gridley, 39 Ill. 388; Jay v. Reed, 56 Ill. 130; Henneberry v. Morse, 56 Ill. 394. The section of the statute referred to is not applicable to a defense affecting the consideration of a note in the hands of a *bona fide* assignee before maturity. Hopkins v. Withrow, 42 Ill. App. 584. The cases of Hamill v. Mason, 51 Ill. 488, and Jay v. Reed, 56 Ill. 130, hold that where an assignee has notice before purchase that usurious interest is reserved, he will take the note subject to that defense. To the extent of the usury and the penalty the law attaches thereto, the consideration of the notes had failed at the time of the assignment, and, of course, the assignee having notice, would take the notes subject to such defense. In the case of Bryant v. Sears, 16 Ill. 288, the defendants had pleaded a failure of consideration of the notes sued on, " of which the said plaintiff—the assignee—had notice, *at and before the assignment* thereof to them, the said plaintiffs." The plea setting up that defense was held bad in the court below on demurrer, which holding was reversed in the Supreme Court.

The court say at page 290 : " This consideration for which the note was thus given, is shown to have failed, of which the plaintiff had notice at the time of the assignment to them."

This decision is in entire accord with our views. In the case of Packwood v. Gridley, 39 Ill. 388, it will be observed at page 390, that Gridley, the assignee of the notes, " stood in the shoes" of the payee. Weed had given Packwood a bond for a deed to certain lands, and had taken Packwood's note therefor, which he assigned to Gridley, at which time Weed also conveyed the same land to Gridley, " with a clause in the deed, that it was made subject to the Packwood bond, said Gridley agreeing to comply with the terms of said bond." In view of these facts it was held that Packwood had a right to set off the amount of money paid by him to redeem from the foreclosure of the Fell mortgage, as against Gridley, the assignee of his notes, which, under the condi-

tions of the bond, Weed should have paid. This holding was but carrying out the contract which Gridley had voluntarily assumed.

The case of Henneberry v. Morse, 56 Ill. 394, does not support appellant's contention. The facts in that case show that John M. Morse and Sarah Morse had executed their promissory note to one Lynch, which note contained this clause : " This note is given for part of the purchase price of the property on lot 2, in block 15, in the original plat of the city of Galesburg, Knox County, Ill., lately occupied by A. Thorsalle." This note was, by Lynch, assigned to Henneberry, who brought suit upon it.

The court say: " While the clause in the note fully notified the assignee or purchaser of the true consideration, it was not of itself sufficient to advise him that there was, or would necessarily be, a failure of consideration; but it was evidence in connection with other evidence to be considered by the jury on the question of notice." At page 396, the court further say: " The jury by their verdict have found that the appellant had notice, before he took the note, of the defense that existed against it, and we can not undertake to say that they found incorrectly."

This case is in entire harmony with the views entertained by this court. See also Siegel v. Chicago Trust and Savings Bank, 33 Ill. App. 225. It is true this case was not tried below, and has not been presented here by appellee's counsel, as resting on the principle of law, which we consider decisive. The court instructed the jury on the theory of appellant, that notice to the plaintiff of the terms of the contract was sufficient to enable defendant to interpose any defense that he could have done had the suit been brought by Vanover. The court also submitted to the jury the question of the proper interpretation of the contract, which was error.

Quite serious complaint is made against the court below, in the brief of appellant's counsel, for not, as claimed, giving appellant a fair trial. We have examined the record with care, to observe the rulings of the court on the evidence,

and feel assured that, while the court differed from counsel on some questions that arose, yet it is evident the court was entirely impartial and eminently fair. The court was entirely right in not permitting appellant to introduce evidence of the admissions and declarations of the husband in regard to the transaction of obtaining said note, before proof of his agency, or offer of such proof, or that such evidence would be followed up with such proof, especially when some of such declarations proposed to be proven were made at a time when the agent was not engaged in the transaction of his principal's business. Mullauphy Savings Bank v. Schott, 135 Ill. 655. It is not the law that the declarations of an agent made at a time when not engaged in the transaction of the principal's business involved in the suit, are admissible as original evidence against the principal. The act and the declaration must unite in order to make such declarations original evidence. Montgomery v. Brush, 121 Ill. 513; Isaacs v. The People, 118 Ill. 538.

Although the note was taken as collateral security by the appellee, to the extent of the amount secured, the rule above announced applies. Gannon v. Huse, 9 Ill. App. 557. As to the residue of the note, any defense can be interposed as to the assignee, that could be, between the original parties. Saylor v. Daniels, 37 Ill. 331.

The judgment for appellee in this case was for less than the amount loaned by appellee, with the accrued interest, the Harrison Machine Works judgment being for $364, while the judgment in this case was for only $365. Although there are errors in this record, yet as no other judgment, under the evidence, could have been properly rendered, the judgment is affirmed.

*Judgment affirmed.*

# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.