W. Sadler *v.* White et al.

It cannot affect the negotiability of a note, that its consideration is to be realized in future, or that from some contingency it may never be realized.

If the consideration of the note had not failed at the time of its transfer, the maker cannot set up as a defence, that the holder knew that there might be offsets against it.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Muse & Hardee*, for plaintiff. *John & Charles McVea*, for defendants and appellants.

COLE, J. This suit is instituted upon the following instrument, signed by the defendants :

"On the first day of January, 1857, we, or either of us, promise to pay *T. I. Warsham* or bearer, three hundred and fifty dollars, for value received, with eight per cent. interest from maturity till paid."

There was judgment for plaintiff, and defendants have appealed.

Payment of the note is resisted, upon the ground of a failure of consideration, and that the plaintiff, a third holder, is bound by the equities between the original parties to the same.

The answer avers, that the note was given for and in part consideration of the rent for the year 1856, of a hotel and other property attached to the same ; that the hotel was rented by *White*, one of the defendants of *Worsham*, the payee, and of *Dixon ;* that on the 3d of May, 1856, the hotel was sold at Sheriff's sale, to satisfy an outstanding mortgage and vendor's privilege for a certain amount due by the purchasers thereof, *Worsham* and *Dixon*, and was bought by *J. F. McKneely ;* that the lease in favor of *White* was thus destroyed, and he was compelled to rent the property from the new purchaser, *McKneely*, at the price of $550, for the balance of the year 1856.

That the present holder of the note well knew, before he became the owner of the same, the circumstances under which it was given and put into circulation, and that it was executed for the aforesaid consideration.

That plaintiff, knowing that the consideration of the note was not realized by the makers at the date of the same, but was future and contingent, and that there might be offsets against the note, purchased it at a usurious discount, viz, for about $275. The answer concludes that plaintiff is bound by the equities between the original parties to the obligation, and as the consideration has totally failed, he has no right to recover upon it.

It is unnecessary to express any opinion upon the two bills of exception, relied upon by the appellants for a reversal of the judgment, because their answer sets up no legal defence.

1. As the consideration was legal in its nature, even then if it had been expressed in the note, its negotiability would not have been affected. *Canal Bank* v. *Holland*, 5 An. p. 364.

2. Plaintiff received the note before its maturity and before a failure of the consideration.

Even if it were known to him, taking it, that the consideration was future and contingent, and that there *might* be offsets against it, this would not make him liable to the equities between the defendants and payee.

23

If such were a sufficient defence, it would destroy materially the negotiability of notes, for in almost every case of the purchase of a note, the buyer knows, there *might* be equities between the original parties to the same.

It cannot affect the negotiability of a note, that its consideration is to be hereafter realized, or that from some contingency, it *may* never be enjoyed.

Any one, having sufficient confidence in another to give his written obligation for something to be given or enjoyed hereafter, is at liberty to do so, and the maker cannot censure any future holder of the note for having purchased it, and for seeking to hold him liable, for it was the faith of the maker in the payee, that he would execute his promise and allow no obstacles to defeat it, that created the note and gave currency to it.

In the present case, there was a valid consideration promised for the obligation and it could not be known with certainty, that it would fail, until the hotel was sold, for the payee could up to the sale have satisfied the debt due for the price of the hotel, and have satisfied the consideration by allowing defendants to occupy the same.

The case would present a different aspect, if the allegations of the answer had been, not that plaintiff knew there *might* be, but that there were equities between the original parties to the note, or that he knew not that the consideration might never be enjoyed, but that it could not or would not ever be realized. *Maurin* v. *Chambers,* 6 R. 62 ; *Barelli* v. *Szymanski,* ante p. 47.

Judgment affirmed, with costs.