## W. W. MARBOURG v. H. LLOYD, SON & CO.

PROMISSORY NOTE; *Indorsement and Transfer; Title of Holder.* Where a promissory note, payable to the order of a corporation engaged in the business of manufacturing agricultural implements, was transferred by indorsement before maturity to the plaintiff, in the usual course of business, through its treasurer, and such transfer and indorsement were made for the benefit of the corporation, and thereafter the corporation sanctioned and affirmed the act of its treasurer by receiving the proceeds of the sale and using the same in its business, *held*, that by virtue of said transfer and indorsement the plaintiff acquired complete title to the note and was entitled to collect it.

### Error from Atchison District Court.

AT the June Term, 1878, of the district court, *H. Lloyd, Son & Co.* had judgment for the sum of $1,392.44 against *Marbourg*, who brings the case here for a reversal of that judgment. The opinion contains a sufficient statement of the facts.

*Everest & Waggener*, for plaintiff in error.

*W. D. Webb*, and *A. F. Martin*, for defendants in error.

35 — 21 KAS.

The opinion of the court was delivered by

HORTON, C. J.: At the June term, 1878, of the district court of Atchison county, defendants in error recovered a judgment against the plaintiff in error, for the sum of $1,392.44, and plaintiff in error now seeks a reversal of that judgment. The facts of the case are substantially as follows:

On the 9th day of August, 1875, W. W. Marbourg was indebted in a large sum of money to C. Russell & Co., a corporation engaged in the business of manufacturing agricultural implements, at Canton, in the state of Ohio, and on that day executed to Russell & Co., among others, the note sued on, being for the sum of $1,148.68, and due Feb. 15th, 1876. On the 2d day of January, 1878, Lloyd, Son & Co., the defendants in error, commenced suit on said note against Marbourg, alleging that before the maturity of the note C. Russell & Co. indorsed and transferred the note to them for a valuable consideration, and set forth the alleged indorsement on said note, as follows: "C. Russell & Co.—Jas. S. Touner, *Treas.;*" and that by reason of such indorsement and transfer, Lloyd, Son & Co. became the owners of the note. Marbourg answered, setting up various defenses, and among others that on the 6th day of January, 1877, he paid said note to Russell & Co. The alleged indorsement of the note by C. Russell & Co. was also put in issue. The evidence disclosed the fact that Marbourg did pay the amount of the note to Russell & Co., in January, 1877, but at this time he knew that the note had been sold and negotiated by Russell & Co., and took from Russell & Co. an indemnification contract to hold him harmless from the payment of the note, or any liability thereon.

The only question in the case, as now presented, worthy of any consideration at our hands, is, whether the note was assigned to the defendants in error by a valid indorsement. The plaintiff in error contends that James S. Touner, treasurer of Russell & Co., had no authority to indorse and trans-

fer said note, and that said pretended indorsement of "C. Russell & Co., James S. Touner, treasurer," if ever made, was in violation of the laws of the state of Ohio. We do not think the objections of counsel tenable. Under the statutes of Ohio, introduced in evidence, the corporation had the power to accept the note in the transaction of business connected with the object of its creation, and certainly, if it needed money to carry on its business, it had the right to sell and indorse said note. Such acts are embraced within the scope of the powers conferred upon it. Again, so far as the title of the defendants in error depends upon the authority of the treasurer of the corporation to indorse the note, it is clearly sufficient. If there was any want of proof of his authority to make the transfer in the first instance, the subsequent acts of the corporation ratified all he did. The note was indorsed and discounted for the benefit of the corporation, and the proceeds thereof were used in the business of the company. We must assume that all of this was done with full knowledge of the action of the treasurer. The conduct of the corporation after the indorsement by the treasurer, in receiving the money on the sale and transfer of the note and using it in its business, so far sanctioned and affirmed the act of the treasurer as conferred full title to the note in Lloyd, Son & Co., and authorized them to collect it. As the corporation, by virtue of the act of one of its officers, has received and appropriated the fruits of the contract with the defendants in error, it would not be heard to object that such officer had not authority to act. Would the maker of the note stand in a better condition to make such an objection? We think not. (Field on Corporations, § 197, and cases there cited in the notes.)

The judgment of the district court will be affirmed.

All the Justices concurring.