## J. W. GEE v. S. P. SAUNDERS.

(Case No. 5565)

1. NOTE WITH VENDOR'S LIEN—ASSIGNEE—PRACTICE—The assignee of a negotiable note retaining a vendor's lien, and transferred before maturity, sued the maker and prayed for a foreclosure of the lien. The maker answered, pleading failure of consideration, and put in a claim for improvements and for that portion of the purchase money he had already paid. *Held:*

   (1) In the absence of an allegation charging the assignee with notice of the failure of consideration, the answer presented no defence.

2. VARIANCE—See statement of facts for variance held immaterial.

APPEAL from Bell. Tried below before the Hon. B. W. Rimes.

This suit was brougt by the appellee in the district court of Bell county on February 26, 1880. Plaintiff's petition was an ordinary declaration upon a promissory note given for the purchase money of land, describing the land and praying for foreclosure of the vendor's lien thereon, alleging that plaintiff was the owner of the note by indorsement of the same by P. G. Rucker, the payee, to Saunders & Co., and by Saunders & Co. to plaintiff. The defendant in his first amended answer pleaded the general denial, failure of consideration under oath, and alleged that the note sued on was given for the purchase money of the land described in plaintiff's petition; that at the time P. G. Rucker sold and conveyed the land to defendant, he had no title whatever to it; that at the time of the purchase, Rucker represented to defendant

that he had a good title, and defendant relied on his representation and gave his note for the land; that afterwards, Spofford brought suit against defendant and Rucker, and one T. T. Howard, to recover the land, and obtained a judgment against him, Rucker and Howard, for the land, and that judgment was in full force and effect so far as defendant was concerned, and he was in danger of being dispossessed at any time; that Spofford owned the land when Rucker conveyed it to him, and still owned it; that Rucker, when he made the representations as to the title, knew them to be untrue, etc.; that Rucker was insolvent, and if defendant was compelled to pay the note sued on he would be without remedy, and prayed for process to make Rucker a party; that if judgment should go against defendant he prayed for judgment over against Rucker for the same sum, for his costs and for general, legal and equitable relief.

Rucker came in and answered by exception, stating "that the answer of defendant was insufficient in law, because the defendant refuses to surrender to him the land described in plaintiff's petition, but held the possession thereof."

Plaintiff, Saunders, also excepted to defendant's first amended answer upon the alleged ground that defendant failed therein to offer to restore to Rucker the land in controversy, and also alleged possession by defendant of the land, its rental value, etc., as Rucker did in his answer.

On March 31, 1884, defendant filed his first supplemental answer, alleging that when he purchased the land from Rucker, he paid Rucker, in cash, $300, and afterwards made valuable and permanent improvements, amounting to $2,900. That he was not required to tender his deed for cancellation, unless he was reimbursed to that amount. On the trial Rucker was dismissed from the cause; the exceptions of plaintiff were sustained by the court, and defendant's first amended answer and his first supplemental answer were stricken out. Judgment was rendered in favor of Saunders for $428.88, and the lien foreclosed.

The plaintiff in his petition alleged that Rucker transferred the note by indorsement to Saunders & Co., and Saunders & Co. transferred it to S. P. Saunders. The note read in evidence was indorsed as follows:

"BELTON, TEXAS, February 10, 1880.

For consideration, we transfer the within note to S. P. Saunders.

(Signed)　　　　　　　　　　　　　S. P. SAUNDERS & Co."

There was no evidence that "S. P. Saunders & Co." and "Saunders & Co." were one and the same firm.

*Harris & Saunders*, for appellant, on the striking out of the answers, cited: Tarpley *v.* Poage, 2 Tex., 148; Copeland *v.* Gorman, 19 Tex., 256; Price *v.* Blount, 41 Tex., 475; Griffith *v.* Hanks, 46 Tex., 217; Norris *v.* Ennis, 60 Tex., 85; Cassaday. *v.* Frankland, 55 Tex., 452; Stewart *v.* Insall, 9 Tex., 400; Johnson *v.* Long, 27 Tex., 21; May *v.* Taylor, 27 Tex., 128; Littlefield *v.* Tinsley, 22 Tex., 259, and 26 Tex., 358 ; Cook *v.* Jackson, 20 Tex., 210.

On variance, they cited : Shipman *v.* Fulcrod, 42 Tex., 248; Mason *v.* Kleberg, 4 Tex., 85; Paul *v.* Perez, 7 Tex., 345.

*W. S. Holman*, for appellee, cited : Cooper *v.* Singleton, 19 Tex., 267; Price *v.* Blount, 41 Tex., 472.

WILLIE, CHIEF JUSTICE.—The appellant does not complain of the action of the court in dismissing Rucker from the cause. He assigns errors only as to the judgment against himself in favor of Saunders. His principal complaint is that the court sustained Saunders's exception to the appellant's original and supplemental answers. The grounds of this exception were that the answer did not offer for cancellation the deed Gee received from Rucker, and did not tender back the land conveyed by the deed.

It is very clear that the answer was no defense to the action, either with or without a tender of the deed or land. The note sued on was a negotiable instrument, payable one year after date, and was transferred before maturity by Rucker, the payee, to Saunders & Co., and was thereafter transferred by Saunders & Co. to the plaintiff. These indorsees were presumably innocent purchasers, without notice of the defense set up in the plea of the defendant ; and the plea did not aver any fact that would charge them with notice of the alleged failure of Rucker's title. If every allegation of the answers had been proved in a proceeding between Smith and Saunders alone, the defendant could not have claimed a rescission of the contract, and the right to return the land and receive from Saunders the amount already paid him or the value of his improvements. As to whether or not the plea would have served as a basis for recovery against Rucker, we cannot inquire, as he was dismissed from the cause, and no appeal as to him is taken, and the controversy inaugurated between himself and Gee in the court below has not been brought before us for consideration.

The introduction of the note in evidence was not objected to for any

variance between the indorsement proved and that alleged, and if it had been, the variance was not of a character to mislead the defendant, and was for that reason immaterial.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered May 28, 1886.]