No. 1291.

STATE NATIONAL BANK VS. ADDIE L. CASON.

If it were known to the transferee of a negotiable promissory note, acquired for value and before maturity, on taking it that the consideration was future and contingent, and that there might be offsets against it, this would not make him liable for the equities between the original parties.

It cannot affect the negotiability of a note that its consideration is to be thereafter realized, or that from some contingency it may never be enjoyed.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Overton, J.

*Farrar & Montgomery* and *Wm. Hall* for Plaintiff and Appellee:

A bank taking a note before maturity as collateral security for money loaned, becomes the holder in good faith for a valuable consideration. 21 Ann. 555. One holding a note as colltaeral security is practically owner of it to the extent of his debt. 27 Ann., 561.

The pledgee of a promissory note payable to the drawer's own order and by him endorsed, may sue and recover on the note. 21 Ann. 555.

The law, from considerations of public policy, and in order to favor the free circulation of bills of exchange and other negotiable paper, looks with favor upon the holder of a bill who has given value for it, and requires very cogent evidence to convict him of *mala fides*. 7 Ann. 197.

It cannot affect the negotiability of a note that its consideration is to be realized in future, or that from some contingency it may never be realized, and if the consideration of the note had not failed at the time of its transfer, the maker cannot set up as a defence that the holder knew that there might be offsets against it. 14 Ann. 177.

If the consideration of the note is legal in its nature, though contingent and so expressed on its face, its negotiability would not thereby be affected, and the holder taking it before maturity and with knowledge of the contingency of the consideration, and that there might be in the future some offset to it, would not be liable to the equities between the maker and payee; for if such a defence could be successfully made against the holder, it would destroy materially the negotiability of notes. 14 Ann., 177.

It cannot affect the negotiability of a note that its consideration is to be hereafter realized. or that from some contingency it may never be enjoyed. 14 Ann. 177.

Any one having sufficient confidence in another to give his written obligation for something to be realized and enjoyed hereafter is at liberty to do so, and the maker cannot censure

55

any future holder of the note for having purchased it and for seeking to hold him liable, for it was the faith of the maker in the payee that he would execute his promise, and allow no obstacle to defeat it, that created the note and gave it currency. 17 Ann. 177,

The policy of the law is favorable to the holder of negotiable commercial paper and requires very cogent evidence to convict him of bad faith. 20 Ann. 141.

A note being negotiable and having been acquired before maturity by the plaintiff, the equities between the original parties cannot be noticed. 27 Ann. 561.

When one of the parties must bear a loss, he who has made it possible must suffer. 27 Ann. 561.

*Thorpe & Peterman* for Defendant and Appellee:

1. The nature of a contract depends upon the obligation it imports; its form is subordinate to its real character. 3 Ann. 294.
2. When the holder is aware of the conditions upon which a bill or note was given, he is not entitled to invoke the law of negotiable instruments. 1 Ann. 148; 10 R. 23; 1 R. 8; 12 R. 486; 3 R. 159.
3. To preclude the legal or equitable defences of the maker, the note must be transferred in good faith, in the ordinary course of business, before maturity *and without any circumstances to induce a reasonable belief of the existence of such equities.* 17 L. 152.

The opinion of the Court was delivered by

Todd, J.   The plaintiff, as holder and endorser of a promissory note executed by the defendant for $2,500, sued to recover the amount thereof, with interest.

The defence presented by the answer is in substance that the note was given as collateral security for plantation supplies to be furnished the defendant for the year 1884 by Gidiere, Day & Co., the payees of the note; that shortly after the execution of the note, and when only a small part of the supplies had been furnished, Gidiere, Day & Co. failed.   That one W. A. Pollack succeeded to the business of the firm, and he in turn was succeeded by one C. S. Farrar, by whom advances to the plantation were continued.   That by shipments of cotton to the latter her accounts for supplies, which the note was given to cover, was fully paid.   That the consideration of the note was known to the bank at the time it became the holder of it.

There was judgment in favor of the plaintiff for the amount of the note, less $271.11, allowed as a credit thereon.   Defendant has appealed, and plaintiff asks an amendment of the judgment, rejecting the credit allowed by the lower court.

It is shown that the note was transferred to the bank before maturity and for value, and that the bank was informed of the consideration of the note; and the single question is presented whether such knowledge on the part of the bank deprived it of the right to recover on the note.

The consideration of the note was a lawful and valuable consideration. At the time the plaintiff became the holder of the note there had been no failure of the consideration, for it was before the surrender of Gidiere, Day & Co., and when the contract between defendant and Gidiere, Day & Co. was being executed, and part of the supplies had been advanced.

As the consideration of the note was a valid one, plaintiff could not have been affected prejudicially by the knowledge of it. If the consideration be lawful the knowledge of that consideration can of itself have no bearing on the rights of the transferee. It is the knowledge of the failure of the consideration or of secret equities between the original parties thereto that would prevent recovery thereon as between said parties.

The right of plaintiff to recover on the note is the more apparent when we consider that in this instance, in accordance with the mode in which business is usually conducted between commission merchants and planters, this note we must infer was executed for the purpose of being negotiated, that by means of such negotiation and discount of the note a sufficient sum might be realized and placed to the credit of the defendant to enable her merchants to furnish the promised supplies.

Of course there is no need to cite authorities in support of the proposition that the *bona fide* holder of a promissory for value acquired before maturity is not effected by equities between the original parties. The principle is elementary, but as peculiarly applicable to the instant case and touching the rule where the consideration relates to some · thing in the future is the case of Sadler vs. White, 14 Ann. 177, from which we quote:

"Plaintiff received the note before maturity and before a failure of the consideration. Even if it were known to him taking it that the consideration was future and contingent, and that there *might* be offsets against it, this would not make him liable to the equities between the defendants and payee."

"It cannot affect the negotiability of a note that its consideration is to be hereafter realized, or that from some contingency it *may* never be enjoyed. Any one having sufficient confidence in another to give his written obligation for something to be given or enjoyed hereafter is at liberty to do so, and the maker cannot censure any future holder for having purchased it, and for seeking to enforce it, for it was the faith of the maker in the payee that he would execute his promise and allow no obstacles to defeat it that created the note and gave currency to it."

However sensitive we may be to cases of individual hardship—and that of the defendant is particularly one, if the allegations of her answer are true—to swerve from this established rule touching the consideration of promissory notes, would be greatly to impair if not wholly destroy their negotiability, for in nearly all cases of the purchase of a note the buyer knows there *might* be equities between the original parties to the same.

We find no ground on which the credit on the note was allowed; there is nothing in the record that we can discover that justifies it. The amendment asked for must therefore be allowed, rejecting it.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by striking therefrom the words " subject to a credit of two hundred and seventy-one dollars and eleven cents, to date from July 2, 1884." And as thus amended, it be affirmed, defendant to pay costs in both courts.