SIEGEL, COOPER & CO.

*v.*

THE CHICAGO TRUST AND SAVINGS BANK.

*Filed at Ottawa January 21, 1890.*

|31    569|
| 37a   73|
|131   569|
| 49a 343|
|131   569|
| 62a 569|
|131   569|
|164   203|
|131    569|
|d108a 445|

1. PROMISSORY NOTE—*recital of consideration—effect upon its negotiability—indorsee, how far chargeable with notice.* The mere fact that the consideration for which a promissory note is given is recited in it, although it may appear thereby that it was given for or in consideration of an executory contract, or promise on the part of the payee, will not destroy the negotiability of the note, unless it appears through the recital that it qualifies the promise to pay, and renders it conditional or uncertain, either as to the time of payment or the sum to be paid.

2. A written promise to pay a certain sum of money at a day certain, for a consideration thereafter to be rendered, is a good promissory note. The validity of the promise depends upon the implied obligation of the payee to furnish the consideration at the time and in the manner stipulated.

3. The most that can be said of a recital in a note itself of the consideration on which it rests, is that the indorsee, taking it before maturity, is chargeable with notice of the recital. But a recital that it is given for some future thing to be done by the payee is not enough to advise an indorsee before maturity that there will be a failure of consideration; but if, at the time of the indorsement, the consideration has in fact failed, the recital might be sufficient to put the indorsee on inquiry, and, in connection with other facts, amount to notice.

4. SAME—*time of payment—whether specific.* Where the parties insert a specific date of payment, the note is then payable at all events, although in the same instrument an uncertain and different time of payment may be mentioned, as, that it shall be payable upon the completion of a house, or the performance of other contracts, and the like.

°APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. JOHN C. RICHBERG, for the appellants:

The note was not negotiable, so as to protect the indorsee before maturity. *Lowe* v. *Bliss,* 24 Ill. 168; Chitty on Bills,

134; *Kelley* v. *Hemmingway*, 13 Ill. 604; *Turner* v. *Railroad Co.* 95 id. 144; *Baird* v. *Underwood*, 74 id. 176; 1 Randolph on Com. Paper, sec. 177; *Jarvis* v. *Wilkins*, 7 M. & W. 410.

If the payment is dependent upon the performance of any act by the payee, the obligation is not negotiable. *Hodges* v. *Hall*, 5 Ga. 163; *Smalley* v. *Edey*, 15 Ill. 324; *Baird* v. *Underwood*, 74 id. 176; *Jenkins* v. *Caddo*, 7 La. Ann. 559; *Blake* v. *Coleman*, 22 Wis. 396; *Fletcher* v. *Thompson*, 55 N. H. 308.

Messrs. Flower, Smith & Musgrave, for the appellee:

The statement of the consideration does not impair the negotiability of a bill or note. *Henneberry* v. *Morse*, 56 Ill. 394.

Knowledge that a bill or note was given for an executory contract does not serve a *bona fide* purchaser with notice. Daniel on Neg. Inst. sec. 790; *Davis* v. *McCready*, 17 N. Y. 230; *Loomis* v. *Moury*, 15 id. 312; Wade on Notes, sec. 94a; 1 Edwards on Bills, 19; *Patton* v. *Gleason*, 106 Mass. 439.

Mr. Chief Justice Shope delivered the opinion of the Court:

This was an action of assumpsit, by appellee, against appellants, upon the following instrument:

"*$300.*                    Chicago, *March 5, 1887.*

"On July 1, 1887, we promise to pay D. Dalziel, or order, the sum of three hundred dollars, for the privilege of one framed advertising sign, size _____ x _____ inches, one end of each of one hundred and fifty-nine street cars of the North Chicago City Railway Co., for a term of three months, from May 15, 1887.                    Siegel, Cooper & Co."

—Which was indorsed by Dalziel, the payee, to appellee, for value, on the day of its execution.

The first question presented is, is this instrument negotiable?—and this question has been answered affirmatively by the circuit and Appellate courts. The Appellate Court having affirmed the judgment in favor of the plaintiff, the case is

brought here by appeal, upon certificate of importance granted by that court.

It appears, that before the time when the privilege of advertising was to commence, Dalziel forfeited any right he may have acquired to use the cars in the manner indicated, and the privilege specified never was furnished appellants; and it is insisted that the instrument is a simple contract, only, and that therefore the same defense,—failure of consideration,—is available against the indorsee of the paper for value, and before due, as might be interposed against such paper in the hands of the payee. It is also insisted, that the instrument shows, on its face, that payment depended upon a condition precedent to be performed by the payee, and therefore the indorsee took it with notice, and by the failure of the payee to perform the condition, no right of recovery exists in the indorsee. It is not contended that the indorsee had any other notice than that contained in the instrument itself, and it is apparent that at the time of its indorsement, which was the day of its execution, no right to the consideration had accrued to the makers. It is a promise to pay a certain sum of money at a day certain, for a consideration thereafter to be rendered, and depends for its validity upon the implied promise of the payee to furnish the consideration at the time and in the manner stipulated,—that is, it is a promise to pay a sum certain on a particular day, in consideration of the promise of the payee to do and perform on his part. A promise is a valuable consideration for a promise.

But the question remains, whether the statement or the recital of the consideration on the face of the instrument impairs its negotiability, and, in this instance, amounts to a condition precedent. The mere fact that the consideration for which a note is given is recited in it, although it may appear thereby that it was given for or in consideration of an executory contract or promise on the part of the payee, will not destroy its negotiability, unless it appears, through the recital, that

it qualifies the promise to pay, and renders it conditional or uncertain, either as to the time of payment or the sum to be paid. Daniel on Neg. Inst. secs. 790-797; *Davis* v. *McCready,* 17 N. Y. 320; *State Nat. Bank* v. *Casson,* 39 La. Ann. 865; *Goodloe* v. *Taylor,* 13 N. C. 458; *Stevens* v. *Blunt,* 7 Mass. 240.

In *State Nat. Bank* v. *Casson, supra,* it is said: "Plaintiff received the note before maturity, and before a failure of the consideration. Even if it were known to him that the consideration was future and contingent, and that there might be offsets against it, this would not make him liable to the equities between the defendant and the payee. It can not affect the negotiability of a note that its consideration is to be hereafter realized, or that, from contingency, it may never be enjoyed."

The most that can be said of a recital in the instrument itself, of the consideration upon which it rests, is, that the indorsee, taking it before maturity, is chargeable with notice of the recital. Such recital, however, is not sufficient, of itself, to advise him that there was, or would necessarily be, a failure of consideration, but if, at the time of the indorsement, the consideration has in fact failed, the recital might be sufficient to put him upon inquiry, and, in connection with other facts, amount to notice. (*Henneberry* v. *Morse,* 56 Ill. 394.) The case at bar does not, however, fall within the rule just stated, for the assignment was made the same day the note was made, and by the terms of the recital it was apparent the payee was required to do no act till the 15th of May following,—an interval of seventy days.

There is a distinction, clearly recognized in the authorities, between an instrument payable at a particular day, and one payable upon the happening of some event; and the rule is, that where the parties insert a specific date of payment, the instrument is then payable at all events,—and this, although, in the same instrument, an uncertain and different time of payment may be mentioned, as, that it shall be payable upon

a particular day, or upon the completion of a house, or the performance of other contracts, and the like. (*McCarty* v. *Howell*, 24 Ill. 341, and authorities *supra*.) But the doctrine of this and kindred cases, where there are both a certain day of payment and one more or less contingent, need not be here invoked, for the time of payment in the instrument under consideration is not made to depend upon the happening or not happening of any event, but is specific and certain, and must occur by the efflux of time, alone.

If, therefore, it be conceded, as it must, that a condition inserted in a promissory note, postponing the day of payment until the happening of some uncertain or contingent event, will destroy its negotiability and render the instrument a mere agreement, yet under the authorities, if by the instrument the maker promises to pay a sum certain at a day certain to a certain person or his order, such instrument must be regarded as negotiable, although it also contains a recital of the consideration upon which it is based, and although it further appear that such consideration, if executory, may not have been performed. Here, the money was payable, absolutely, on the first day of July, 1887,—a time when the contract for the advertising could not have been completed. If the instrument had remained the property of the payee, and upon its maturity and performance to that time, suit had been brought, it is clear that no plea of partial failure of consideration could have been sustained, for the reason that the entire term had not then expired. No analysis of the instrument itself is necessary. The most careful examination of it will fail to disclose a condition precedent to the payment of the money at the time stipulated. Nor is there anything in the recital of the consideration to put the indorsee upon inquiry at the time the indorsement was made. Indeed, it is clear that at that time no inquiry would have led to notice that Dalziel would fail to comply with his contract on the 15th of May thereafter, when the term was to commence. All that

the recitals would give notice of was, that the note was given in consideration of an agreement on the part of the payee that the privilege of advertisement named should be enjoyed by the makers for three months, from May 15, 1887. Giving to the language employed its broadest possible meaning, it can not be construed as notice to the indorsee of the future breach of the contract by Dalziel. The presumption of law would be, that the contract would be carried out in good faith, and the consideration performed as stipulated. The makers had put their promissory note into the hands of Dalziel upon an expressed consideration which they were thereafter to receive, and for the performance of which they had seen fit to rely upon the undertaking of Dalziel, and we are aware of no rule by which they can hold this indorsee for value, before due and before the time of performance was to begin, chargeable with notice that the promise upon which the makers relied would not be kept and performed. Wade on Notice, sec. 94 a; *Loomis* v. *Maury,* 15 N. Y. 312; *Davis* v. *McCready, supra.*

It is also contended that the court erred in giving the eighth instruction in behalf of appellee, as to the meaning of the words "good faith." Without pausing to discuss the instruction, we think it clear that appellants were not prejudiced thereby, and that no inference unfavorable or prejudicial to them could have been drawn therefrom by the jury. While, therefore, the instruction may be regarded as inaccurate, it worked no injury, and appellants can not complain. See *Comstock et al.* v. *Hannah,* 76 Ill. 530.

Other minor objections are urged, which, it is sufficient to say, we have examined with care, but find no prejudicial error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*