JAMES J. GANNON ET AL. V. NORTHWESTERN NATIONAL BANK.

No. 3153.

**Negotiable Note in Hands of Bona Fide Holder.** — Suit on negotiable note indorsed to plaintiff for value and before maturity. The note was for purchase money for land, etc., the payee having no other property in Texas. The makers holding the warranty of the payee discovered that the land was incumbered to extent of about half the amount of the notes. There was litigation pending about the prior lien when the plaintiff bought the note. The makers urged these facts in defense. *Held*, the note being negotiable in form it is not within the rule of lis pendens. The pendency of the suit to foreclose the prior lien did not charge the plaintiff with notice of the defense to the note.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*Watts, Aldredge & Eckford,* for appellants, cited Sumner v. Waugh, 56 Ill., 536; Hurd v. Case, 32 Ill., 48; Hutchins v. Chapman, 37 Texas, 612.

*Robertson & Coke,* for appellee.—Lis pendens does not apply to negotiable paper before due. Board v. Railway, 46 Texas, 316; Bennett on Lis Pendens, sec. 86.

FISHER, JUDGE, *Section A.*—This suit was instituted by appellee against James and John J. Gannon and the Dallas Brewing Company, as defendants. The petition in substance alleges, that James and John

Gannon, on the 9th day of June, 1886, executed their promissory note payable to the order of Fredrick W. Wolf, on or before July 15, 1889, for the sum of $13,500, with interest at the rate of 6 per cent per annum; that said note was given in part payment of certain lands situated in Dallas, with a vendor's lien thereon to secure said note; that the Dallas Brewing Company is asserting some pretended claim to the land; that the note before maturity was in good faith for a valuable consideration purchased by appellee from Wolf. Prayer for judgment against the Gannons for amount of the note and interest, and against all the defendants, foreclosing the vendor's lien.

The appellants answered by general and special demurrers and general denial, and admitted the execution and delivery of the note, and that it was given in consideration of certain lands purchased by the Gannons from Wolf, for which he executed and delivered to them his deed conveying said lands; and further, that at the time they purchased the property Wolf covenanted in his deed to the Gannons that the property was free from all liens and incumbrances; that said covenant is violated and broken, in that one P. J. Butler holds a prior lien on said property in the sum of $6080; that the lien of said Butler was for material furnished one Wagenhauser, the then owner of said property; and that the said Butler had instituted suit in the District Court of Dallas County against said Wagenhauser to foreclose said lien, and that November 23, 1886, judgment was rendered in favor of Butler for the amount sued for and for a foreclosure of the lien; that Wolf purchased the property by and through Wagenhauser; that said judgment is a valid and subsisting lien and incumbrance on said property superior to the right acquired by the defendants by the purchase of the property from Wolf; that plaintiff is not the owner and holder of the note, and it purchased the note after maturity, and that it purchased with notice of such prior lien; that said property was sold under order of sale by virtue of the Butler judgment on the 4th day of January, 1887, and the same was purchased by W. L. Griggs; that immediately thereafter Wolf instituted suit against Butler, Wagenhauser, and Griggs to vacate said sale and to set aside said judgment in favor of Butler against said Wagenhauser; that Wolf's interest in said property and his ownership of the note were alleged in his petition seeking to set aside said sale; that judgment was rendered in said suit vacating said sheriff's sale, but holding the judgment in favor of Butler against Wagenhauser in full force and effect; that said case is on appeal in the Supreme Court of this State; that said suit involves the right and title to said property and the liens thereon, and that the pendency of the suit is notice to plaintiff and all others dealing with said property of any liens thereon, and especially the note herein sued on; and that if appellee became the owner of the note before maturity it did so during the pendency of said suit. The answer alleges that Wolf has no property in this State sub-

ject to execution, and that the amount of said prior lien should be credited on said note. The answer contained other averments not necessary to set out.

Judgment was rendered in appellee's favor against John and James Gannon for the sum of $15,724, and against all the defendants, foreclosing the vendor's lien on the land.

Appellants present three assignments of error questioning the correctness of the judgment rendered below. We dispose of the second and third assignments of error without discussion, and are content with saying they present no reversible error.

The first assignment of error reads: ''The court erred in rendering judgment against the defendants for the amount of the note sued on, and in foreclosing the lien upon the brewery property; for that the record shows that Frederick W. Wolf has no property within the State of Texas; that plaintiff is chargeable with notice of Butler's incumbrance upon the brewery property by reason of the pending suit and judgment in favor of Butler foreclosing his lien, and had actual notice of the covenants in Wolf's deed to defendants James and John Gannon; and that the note sued on was given as part of the purchase money for said brewery property before plaintiff purchased said note.''

Appellee meets this assignment with the proposition, that the note at the time it was purchased was negotiable paper and was not due, and that it purchased the note for value without notice of any prior incumbrance upon the property; that the pendency of the Butler suit did not charge appellee with notice, for the reason that negotiable instruments are not within the rule of lis pendens.

The evidence is certain upon the point that appellee purchased the note before maturity for a valuable consideration without any actual notice of the existence of the prior incumbrance of Butler. The only fact under the evidence that appellants rely upon as creating and charging appellee with notice of such prior incumbrance is the pendency of the Butler suit. The note is negotiable in form. It is a recognized rule of law that negotiable instruments are not within the rule of lis pendens. The pendency of the Butler suit did not charge appellee with notice of any defense to the note. Board v. Railway, 46 Texas, 328.

We find no reversible error in the record, and report that the judgment be affirmed.

*Affirmed.*