[Civ. No. 819.   Second Appellate District.—June 20, 1910.]

# J. H. RAMBOZ, Respondent, v. CHARLES STANSBURY and F. U. NOFZIGER, Appellants.

CORPORATION—INDORSEMENT OF NOTE TO BANK BY GENERAL MANAGER AND SECRETARY—SEAL AND RESOLUTION NOT ESSENTIAL.—The possession by a bank of a note indorsed to it for value before maturity by a corporation payee, signed by its vice-president and secretary, together with uncontradicted evidence that the vice-president was its general manager, with full control of its business, and that it was the custom of the corporation to sell its notes to banks, was sufficient to show that the indorsement to the bank was in the usual course of business; and from these facts the necessary authority to indorse the note will be inferred, notwithstanding the absence of the seal of the corporation and the failure to prove a formal resolution of the directors confirming it.

ID.—PRESUMPTION OF RIGHT ACTION BY CORPORATION.—Under the operation of the presumption of right action in dealing with negotiable securities, an assignment by a corporation of a note held by it is presumed to be valid until the contrary appears, and the force of the presumption in favor of its general power to assign such instruments is that its officers exercised the power rightly in the particular instance, or in the ordinary course of its business. In the absence of any evidence to the contrary, the holder of the note of a corporation, under its indorsement by its officers, will be presumed to be the owner thereof.

ID.—PRIMA FACIE TITLE NOT REBUTTABLE BY MAKERS.—The general rule appears to be that, in the absence of *mala fides*, the plaintiff's *prima facie* title to the indorsed note of a corporation, by reason of possession, is not subject to rebuttal in an action against the makers, so long as they are protected from further claim by payment of the judgment recovered against them.

ID.—FORECLOSURE OF PLEDGED STOCK—INTEREST OF BANK BY INDORSE-MENT—AGENCY OR TRUST OF PAYEE—SUPPORT OF FINDING.—In an action by a collector for the bank to foreclose stock pledged by the makers of the note to the payee, and to obtain judgment for the residue, in which the findings and judgment were for the plaintiff, it is immaterial whether there is any evidence to sustain a finding that the stock pledged was transferred to the bank, as none was necessary, since the indorsement and transfer of the note by the payee carried the collateral security with it. The right thereto existed in the indorsee, independent of actual delivery thereof, by virtue of being the holder of the note. If the payee, after selling the note, should continue to hold the collateral, he would hold it as agent or trustee for his assignee.

ID.—HARMLESS FINDING.—If it be conceded that the transfer of the note was not sufficient evidence of the transfer of the collateral, nevertheless the finding of transfer thereof to the bank, if unsupported by the evidence, is harmless to the makers appealing.

ID.—COUNTERCLAIM AGAINST PAYEE—INSUFFICIENT DEFENSE—NOTICE OF FACTS NOT SHOWN—EVIDENCE PROPERLY EXCLUDED.—Where the answer set up a counterclaim against the payee of the note, alleging that it was given in settlement of an account, and that the amount thereof was, by mistake and inadvertence, $2,700 in excess of the amount due, but failed to allege that the bank which paid the full face of the note before maturity had any notice of such fact, or that plaintiff took with any knowledge thereof, the court properly refused to allow proof thereof as a defense to the action.

ID.—GENERAL RULE AS TO WANT OR FAILURE OF CONSIDERATION—SPECIAL PLEADING—NOTICE TO ASSIGNEE.—The general rule is that absence or failure of consideration is available as a defense to an action by an assignee of a note only by specially pleading it, and showing by additional allegations that the assignee is a holder with notice of the facts.

ID.—PARTIAL FAILURE OF CONSIDERATION—INSUFFICIENT PLEADING—NOTICE TO BANK NOT AVERRED—INADMISSIBLE EVIDENCE.—In the absence of an allegation that the bank had notice of the facts set up in the pleading at the time when the note was transferred to it, a counterclaim based upon a partial failure of consideration constitutes no defense to the action, and evidence was inadmissible in support thereof.

ID.—AMENDMENT OF COMPLAINT TO CONFORM TO PROOFS—DISCRETION.— After the evidence was closed, the court had discretion to permit an amendment to the complaint to conform to the proofs introduced upon the trial, without notice to the defendants, it being stipulated that the allegations of the amendment should be deemed denied. The subject matter of the amendment having been proved at the trial, it would have been idle to have required notice thereof to defendant; and the discretion in allowing it was not abused, especially where it clearly appears that in no event could the rights of defendants be prejudiced by the ruling.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellants.

Percy Wilson, and Constan Jensen, for Respondent.

SHAW, J.—On July 12, 1906, the defendants made and delivered to the Consolidated Lumber Company, a corporation, their certain negotiable promissory note for $13,500, payable to its order on or before January 1, 1908. To secure the payment thereof they deposited in pledge with the Consolidated Lumber Company two hundred and fifty shares of the capital stock of the Western Lumber and Mill Company. Plaintiff sues as the indorsee of an intermediate indorsee of the note to foreclose the lien upon the stock so pledged to secure the payment of the note. Judgment was rendered for plaintiff, and defendants appeal therefrom upon bill of exceptions.

The answer admitted the execution of the note, but denied the indorsement and transfer thereof to plaintiff.

The court found that on May 1, 1907, the Consolidated Lumber Company, payee in said note, did, in the ordinary course of business, duly indorse, transfer and deliver the same to the Merchants' National Bank of Los Angeles, which received it in good faith and in the ordinary course of business, paying therefor $13,500; that at the same time the Consolidated Lumber Company transferred and delivered to said bank the stock so pledged to secure the payment thereof; that prior to the institution of this action the bank indorsed the note and transferred the same, together with said stock so pledged to secure the payment thereof, to plaintiff herein. Appellants attack these findings, assigning as grounds therefor that they are unsupported by the evidence.

It is conceded that the note was transferred to plaintiff by the bank merely for the purpose of collection. The question presented is whether the note was assigned to the bank by a valid indorsement thereof. The indorsement is sufficient in form, and on behalf of the Consolidated Lumber Company is signed by the vice-president and secretary. Nevertheless, appellants insist that, in the absence of the corporate seal, a resolution of the board of directors authorizing the indorsement for and on behalf of the corporation was a prerequisite essential to a valid transfer of the note to the bank. There is no merit in this contention. Possession of the note, indorsed in due form, together with uncontradicted evidence that on behalf of the Consolidated Lumber Company

it was, in the absence of the president, indorsed by the secretary and the vice-president, the latter of whom was also general manager, and as such had full control of the business of the corporation, which on May 1, 1907, received from the bank $13,500, as the proceeds of the sale and transfer, and that it was the custom of the company to sell its notes to banks, was sufficient to show that the indorsement and transfer to the bank was made in the usual course of business. From these facts the necessary authority will be inferred, notwithstanding the absence of the corporate seal and the fact that evidence of the adoption of a formal resolution is wanting. Mr. Thompson, in his work on Corporations, volume 4, section 5741, says: "The presumption [of right acting] extends to dealings in negotiable securities other than to the act of issuing them. Under its operation, an assignment by a corporation of a note held by it is presumed to be valid until the contrary appears. Here again it is assumed that the corporation has a general power to assign such instruments, and the force of the presumption is that its officers exercised the power rightly in the particular instance, or in the ordinary course of its business." In the absence of any evidence to the contrary, the holder of the note under the indorsement made will be presumed to be the owner thereof. (Code Civ. Proc., sec. 1963, subds. 11, 15.) Indeed, the general rule appears to be that, in the absence of *mala fides,* which is not claimed here, plaintiff's *prima facie* title by reason of possession is not subject to rebuttal so long as he is protected from further claim by the payment of the judgment. (*Dyer* v. *Sebrell,* 135 Cal. 597, [67 Pac. 1036] ; *Ellicott* v. *Martin,* 6 Md. 509, [61 Am. Dec. 327] ; *Marbourg* v. *Lloyd,* 21 Kan. 545; *Mitchell* v. *Deeds,* 49 Ill. 416, [95 Am. Dec. 621] ; *Hawkins* v. *Fourth Nat. Bank,* 150 Ind. 117, [49 N. E. 957].)

Appellants also contend that the evidence was insufficient to support the finding to the effect that the stock pledged as security for the payment of the note was transferred to the bank. No evidence was offered upon the subject; none was necessary. The indorsement and transfer of the note carried with it the collateral pledged as security for the payment thereof. (Civ. Code, sec. 1084; *Duncan* v. *Hawn,* 104 Cal. 10, [37 Pac. 626].) Plaintiff's right to the collaterals pledged was not dependent upon the actual delivery thereof.

His interest therein was by virtue of being the holder of the note, and if the payee of the note, after transferring the same, retained the collaterals, his holding was as trustee for the bank. ''Where a note is secured by collaterals and the pledgee assigns the note, the fact that he does not deliver the collaterals to the assignee does not deprive the latter of his interest under or title to them, because the pledgee, after selling the note, holds the collaterals as agent or trustee for his assignee.'' (22 Am. & Eng. Ency. of Law, p. 879.) Conceding that the transfer of the note was not sufficient evidence of the transfer of the collateral, nevertheless, the finding, if unsupported by the evidence, is harmless.

The court refused to permit defendant Nofziger to offer evidence in support of a counterclaim filed with his answer, wherein it was alleged the note was given in settlement of a sum appearing to be due from him in a certain transaction had with the Consolidated Lumber Company, but, through mistake and inadvertence, the amount specified therein was $2,700 in excess of the sum actually due. There was no prejudicial error in the ruling. Conceding the facts alleged in the pleading to be sufficient to constitute a counterclaim against the Consolidated Lumber Company, nevertheless defendant could not avail himself of such defense in this action as against plaintiff, for the reason that the note having been transferred to the bank before maturity for full value, it was necessary, in order to constitute a counterclaim against plaintiff, to allege additional facts showing that the bank took the note with notice of existing equities. It is not alleged that plaintiff or the bank had notice of the facts set up in the counterclaim, nor are any facts alleged therein showing want of good faith on the part of the bank in the purchase of the note. ''The general rule is that absence of consideration or a failure of consideration is available as a defense in a suit by an assignee of the instrument only by specially pleading the same and showing by additional allegations why the instrument is subject in his hands to the defense, as, for instance, that the assignee is a holder with notice.'' (14 Ency. of Pl. & Pr., p. 641.) In the absence of an allegation that the bank had notice of the facts set up in the pleading at the time the note was transferred to it, a counterclaim based upon a partial failure of consideration constituted no defense

to the action, and hence no evidence was admissible in support thereof. (*Hancock and Mills* v. *Hale,* 17 Fla. 808; *Malsch* v. *Heller* (Tex. Civ. App.), 37 S. W. 384; *Gee* v. *Saunders,* 66 Tex. 333, [1 S. W. 272].)

After the evidence was closed the court, without notice to defendants, permitted plaintiff to amend his complaint to conform to the evidence introduced upon the trial, it being stipulated that the allegations of the amendment should be deemed denied. (Code Civ. Proc., secs. 469, 470.) There was no abuse of discretion on the part of the court in allowing the amendment. Upon the trial evidence had been offered as to the subject matter of the allegations contained therein. Under the circumstances, it would have been idle to have required notice thereof to defendants. (*Maionchi* v. *Nicholini,* 1 Cal. App. 690, [82 Pac. 1052]; *San Joaquin Valley Bank* v. *Dodge,* 125 Cal. 77, [57 Pac. 687].) Moreover, it clearly appears that in no event, conceding the alleged error, were the substantial rights of defendants prejudiced by the ruling.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.