### TUKE v. FEAGIN.　(No. 7082.)

(Court of Civil Appeals of Texas. Galveston. Oct. 20, 1915. Rehearing Denied Nov. 11, 1915.)

1. BILLS AND NOTES ⬥⇒342—PURCHASE-MONEY NOTE—BREACH OF WARRANTY.

That notes showed on their face that they were given in part payment for land on which a vendor's lien was retained did not preclude a purchaser of the notes from being an innocent purchaser thereof without notice and entitled to enforce same free from the maker's defense of breach of warranty.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 830–841; Dec. Dig. ⬥⇒342.]

2. BILLS AND NOTES ⬥⇒332—"INNOCENT PURCHASER."

That a purchaser of notes secured by a vendor's lien knows of a grant of the land to a third person prior to that under which the vendor claimed does not alone prevent him from being an innocent purchaser of the notes.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 805, 815, 816; Dec. Dig. ⬥⇒332.

For other definitions, see Words and Phrases, First and Second Series, Innocent Purchaser.]

3. BILLS AND NOTES ⬥⇒344—OVERDUE INTEREST—DEFENSES—INJUNCTION.

That when the holder of notes acquired same the interest thereon was past due did not entitle the maker of the notes, who claimed a good defense to them, to enjoin the holder from suing, where the notes were acquired by the holder in good faith for value and before maturity; the maker's defense as against the overdue interest being as available against the holder as against the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 866–868; Dec. Dig. ⬥⇒344.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Injunction by T. G. Tuke against A. P. Feagin. From an order dissolving temporary injunction, plaintiff appeals. Affirmed.

Shelley Grover, of Austin, for appellant.

LANE, J. This is an appeal from an order of the district court of Angelina county dissolving a temporary injunction theretofore granted by said court. Said appeal will be more fully comprehended by making a full statement of the events leading up to the granting and dissolution of said injunction.

We will therefore make such statement as is necessary to accomplish the object in view, as follows: W. J. Patterson, one of the defendants in the suit of Williams et al. v. Cameron Lumber Company et al., hereinafter referred to as suit No. 2790, pending in said district court, in an effort to sell appellant, Tuke, 1,157 acres of land, a part of the Caleb Holloway survey, in Angelina county, Tex., patented to said Holloway by the state of Texas on the 3d day of May, 1873, agreed to deliver a complete abstract of the title to the land to Tuke; and thereafter he did deliver an abstract of title to the land to Tuke, but said abstract began with the state of Texas as the sovereignty of the soil, and did not show that there was on record in the Deed Records of Angelina county a certified copy of a Mexican grant of date March, 1802, by which practically all the land involved was granted to one Lucobiche. Tuke had no notice or knowledge of the existence of said Lucobiche grant, and from the abstract so furnished he believed that Patterson had good title to the land, and, so believing, agreed to purchase the same from Patterson; that thereupon, on the 19th day of February, 1912, said W. J. Patterson, in consideration of the sum of $15,000, made, executed, and delivered to Tuke a warranty deed conveying to him the land involved in this controversy. The consideration for said conveyance was paid as follows: $10,000 paid; one note for $2,000 payable on the 15th day of April, 1913; two notes for $875 each, payable respectively April 15, 1914, and April 15, 1915; and two notes for $625 each, payable respectively on the 15th day of April, 1914, and the 15th day of April, 1915—being numbered respectively 1, 2, 3, 4, and 5, and bearing 8 per cent. interest per annum from date until paid, interest payable annually. All notes provided for payment of the usual attorney's fee of 10 per cent., and also provided that a failure to pay any one of said series of notes when due, at the option of the holder of any one of said notes due and unpaid, all of said notes might be declared due and payable. Prior to the 15th day of April, 1914, before the principal of either of notes Nos. 4 and 5, for $625 each, became due, appellee A. P. Feagin, for a valuable consideration, without actual knowledge of the existence of the said Lucobiche grant, or of any failure or threatened failure of the consideration for the execution of said notes by said Tuke, and before Williams and others filed their suit, purchased and became the owner of said notes Nos. 4 and 5. At the time of such purchase of said notes by Feagin the annual interest of about $100 was due. After the purchase of notes 4 and 5 by Feagin J. B. Williams and others who claim under the said Lucobiche grant, to wit, on the 8th day of October, 1914, filed their suit No. 2790, hereinbefore mentioned, against W. J. Patterson, appellant, T. G. Tuke, and others, for the recovery of the title and possession of the

greater portion of the land sold by Patterson to Tuke. On the 15th day of June, 1915, Tuke filed his answer and cross-bill in said suit No. 2790, alleging that he purchased 1,157 acres of the land sued for by Williams and others by warranty deed from W. J. Patterson, setting out in detail the consideration paid by him to Patterson and the execution and delivery of said notes, and, as against both Patterson and Feagin, who held his unpaid notes, he pleaded failure of consideration and had Feagin made a party to said cause No. 2790, and later, upon his prayer, both Patterson and Feagin were restrained and enjoined by the court from prosecuting their suits which they filed to recover upon the said notes held by them respectively. At the next term of said district court, after said temporary injunction had been entered, A. P. Feagin, who had been made party defendant to cause No. 2790, and who had been temporarily enjoined by the court from prosecuting his suit for collection of notes Nos. 4 and 5 held by him, and interest due thereon, filed a motion to dissolve said temporary injunction in so far as it affected him (Feagin). Upon a full hearing upon said motion the trial court dissolved said temporary injunction in so far only as it affected or related to appellee, Feagin. From the order of the court dissolving said injunction, T. G. Tuke has appealed.

Appellant's first five propositions may be and are here condensed and considered together, as follows:

Appellee Feagin is not an innocent purchaser for value, before maturity and without notice, of the two notes held by him, and secured by a vendor's lien reserved in the deed from Patterson to Tuke, and the dissolution of the temporary injunction, as against Feagin, by the district court was error:

(1) Because a third person cannot be an innocent purchaser of a vendor's lien note where the vendor of the land has given a warranty of the title to the land by which said note is secured.

(2) Where a note carries on its face express reference to a duty, obligation, or condition as part of the consideration for such note, one cannot be an innocent purchaser without notice of such note, so far as such duty, obligation, or condition is concerned.

(3) Express notice is not indispensable. The test of notice is: Were there sufficient circumstances upon the face of the note to put one upon inquiry as to the outstanding obligation to warrant and defend the title to the land for which the note was given in part payment?

(4) When an obligation, duty, or condition exists as a consideration of a note, and this fact is apparent, or is suggested, from its face, and indorsee or assignee thereof takes it cum onera, and must make good the obligation, duty, or condition before he can claim the benefits of the note, suit cannot be brought on such a note, while there is a fail-

ure to completely perform the obligation, duty, or condition.

[1] As applied to this case, the contention of appellant, in a condensed form, is that Patterson sold him the land involved and warranted the title to same, that in part consideration for the land appellant executed and delivered to Patterson the two notes held by Feagin, that said notes show on their face that they were given in part payment for the land sold by Patterson to appellant now being sued for by Williams and others in said cause No. 2790, and that the vendor's lien was retained on the land to secure them, appellee, Feagin, cannot be an innocent purchaser of said notes without notice, that the right of the holder to enforce payment depended on the warranty of Patterson to defend the title to the land sold by him to appellant, Tuke, and, having such knowledge, he is not an innocent purchaser, and that appellant can plead such defenses against Feagin as could have been pleaded against Patterson were the notes still held by Patterson, and therefore the court erred in dissolving the injunction formerly granted. This contention is not tenable. The undisputed evidence shows that Feagin purchased notes 4 and 5 for value before maturity of the principal of said notes, and that, if Patterson had breached his warranty, Feagin had no actual knowledge of such breach at the time of his purchase.

In the case of Gannon v. Bank, 83 Tex. 274, 18 S. W. 573, it is said:

"Suit on negotiable note indorsed to plaintiff for value and before maturity. The note was for purchase money for land, etc.; the payee having no other property in Texas. The makers holding the warranty of the payee discovered that the land was incumbered to extent of about half of the amount of the notes. There was litigation pending about the prior lien when the plaintiff bought the note. The makers urged these facts in defense. Held, the note being negotiable in form, it is not within the rule of lis pendens. The pendency of the suit to foreclose the prior lien did not charge the plaintiff with notice of the defense to the note."

See, also, Jennings v. Todd, 118 Mo. 296, 24 S. W. 148, 40 Am. St. Rep. 373.

Chief Justice Shope, speaking for the Supreme Court of Illinois in the case of Siegel v. Bank, 131 Ill. 569, 23 N. E. 417, 7 L. R. A. 537, 19 Am. St. Rep. 51, says:

"The question remains whether the statement or the recital of the consideration on the face of the instrument impairs its negotiability, and in this instance amounted to a condition precedent. The mere fact that the consideration for which a note is recited in it, although it may appear thereby that it was given for or in consideration of an executory contract or promise on the part of the payee, will not destroy its negotiability, unless it appears through the recital that it qualifies the promise to pay, and renders it conditional or uncertain, either as to the time of payment or the sum to be paid. Daniel, Neg. Inst. §§ 790, 797; Davis v. McCready, 17 N. Y. 230 [72 Am. Dec. 461]; State Nat. Bank v. Cason, 39 La. Ann. 865 [2 South. 881]; First Nat. Bank v. Michael, 96 N. C. 53 [1 S. E. 855]; Goodloe v. Taylor, 3 Hawks, 458; Stevens v. Blunt, 7 Mass. 240.

"In State Nat. Bank v. Cason, supra, it is said: 'Plaintiff received the note before maturity, and before a failure of the consideration. Even if it were known to him taking it that the consideration was future and contingent, and that there might be offsets against it, this would not make him liable to the equities between defendants and payee. It cannot affect the negotiability of a note that its consideration is to be hereafter realized, or that from some contingency it may never be enjoined.'

"The most that can be said of a recital in the instrument itself of the consideration upon which it rests is that the indorsee, taking it before maturity, is chargeable with notice of the recital. Such recital, however, is not sufficient of itself to advise him that there was, or would necessarily be, a failure of consideration, but that, if at the time of the indorsement the consideration has, in fact, failed, the recital might be sufficient to put him upon inquiry, and, in connection with other facts, amount to notice. Henneberry v. Morse, 56 Ill. 394."

The Supreme Court of Louisiana, in the case of Pavey v. Stauffer, 45 La. Ann. 353, 12 South. 512, 19 L. R. A. 716, at page 719, say:

"Plaintiff received the note before maturity, and before a failure of consideration. Even if it were known to him, taking it that the consideration was future and contingent, and that there might be offsets against it, this would not make him liable to the equities between the defendant and payee. It cannot affect the negotiability of a note that its consideration is to be hereafter realized, or that, from some contingency, it may never be enjoyed. Any one having sufficient confidence in another to give his written obligation for something to be given or enjoyed hereafter is at liberty to do so, and the maker cannot censure any future holder for having purchased it, and for seeking to enforce it; for it was the faith of the maker in the payee that he would execute his promise, and allow no obstacles to defeat it, that created the note, and gave currency to it."

See Sadler v. White, 14 La. Ann. 177.

The Michigan Supreme Court, in the case of Miller v. Ottaway, 81 Mich. 196, 45 N. W. 665, 8 L. R. A. 428, 21 Am. St. Rep. 513, says:

"Knowledge of a warranty on a sale in which a promissory note was given for the purchase price will not affect the rights of a bona fide purchaser of such note for value before maturity, if he had no knowledge of the breach of warranty."

See, also, sections 231, 232, pp. 1023, 1024, and section 273, p. 1067, vol. 3, Ruling Case Law, and cases cited.

From the authorities cited we think it clear that there is no merit in appellant's propositions 1 to 5, and they are therefore overruled.

[2] By appellant's proposition G he insists that Feagin was not an innocent purchaser of the notes without notice of the Lucobiche grant, because an official copy of same from the state land office was recorded in the county clerk's office of Angelina county, Tex., in the year 1862, long before his purchase of the notes by Feagin. There is no merit in such proposition, as his knowledge of the existence of such grant alone would not affect the question of innocent purchaser, and it is therefore overruled. See authorities cited above.

[3] Appellant also insists that at the time Feagin purchased notes 4 and 5 the annual interest of about $100 on said notes purchas-

ed by him was due, and as to such interest Feagin was not an innocent purchaser without notice before maturity, and that therefore he should have been enjoined from bringing his suit to collect such interest, as appellant had the same right to plead failure of consideration as a defense against same as he would have had had the ownership of same remained in his vendor, Patterson. There is no merit in this contention. If Feagin purchased this interest after maturity, appellant can plead his defense as against such overdue interest in Feagin's suit, just as he could if the suit had been instituted by Patterson, his vendor. He can be as fully protected against the payment of such interest in the hands of Feagin and in Feagin's separate suit on the notes held by him as he could be by joining Feagin as a defendant in said suit No. 2790, and therefore it was not necessary or proper for the protection of appellant to enjoin Feagin from prosecuting his suit on said notes.

We have carefully considered all of appellant's propositions. Some of them announce sound principles of law, but they are not applicable to the questions presented by this appeal, and we find nothing in any of them which supports his contention that the trial court erred in dissolving the temporary injunction theretofore granted, and we therefore overrule them.

We find no error committed by the trial court in entering judgment dissolving said injunction, and therefore the same is affirmed.

Affirmed.