**ARRINGTON v. MERCANTILE PROTECTIVE BUREAU, Inc. (No. 1167—5478.)**

Commission of Appeals of Texas, Section B. Feb. 19, 1930.

W. W. Mason, of Mexia, for plaintiff in error.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for defendant in error.

LEDDY, J. The trade acceptance, made the basis of this suit, contained the following provision: "The obligation of the acceptor arises out of the purchase of goods from the drawer." A majority of the Court of Civil Appeals for the Tenth District held that, notwithstanding such provision, the instrument was a negotiable one, to which Justice Stanford dissented.

The writ of error was granted in this case to settle a conflict upon this question between the decisions of the Third Court of Civil Appeals and those rendered by Courts of Civil Appeals for the Second and Fifth Districts.

The Third Court of Civil Appeals, in the cases of Harris v. Wuensche, 7 S.W.(2d) 595, and Harris v. Bucek, 8 S.W.(2d) 565, held instruments nonnegotiable containing provisions identical with that under consideration, while the Second Court of Civil Appeals, in Traders' Securities Co. v. Green, 4 S.W.(2d) 183, and the Fifth Court of Civil Appeals, in American Exchange Bank v. Steeley, 10 S.W. (2d) 1038, decided that instruments with such a provision were negotiable.

The Negotiable Instruments Act provides that an unconditional and unqualified order or promise to pay is negotiable, although coupled with "a statement of the transaction which gives rise to the instrument." Article 5932, § 3, subd. 2, R. S. 1925.

In order to render an instrument nonnegotiable by reference to some extrinsic agreement, it must appear therefrom that the paper is to be burdened with the conditions of the agreement. There is nothing in the language used indicating anything more than a mere reference to the transaction out of which the obligation arose. It is in effect a recital that the obligation disclosed by the instrument is one given for the purchase of goods from the drawer by the acceptor.

Our holding is not in conflict with the case of Lane Co. v. Crum, 291 S. W. 1084, decided by Section A of the Commission of Appeals. This case is relied upon by the Third Court of Civil Appeals to sustain the decisions rendered by it in the Harris Cases. The instrument involved in the Lane Case did not stop with a mere reference to the transaction out of which it arose, but the same contained the additional language that its maturity "being in conformity with original terms of purchase." Such language is not fairly susceptible of any other construction except to indicate a purpose to burden the paper with the conditions of an extrinsic agreement as to the maturity thereof. It may be true that Judge Harvey, who delivered the opinion, used expressions which might indicate that he gave force to the first clause of the provision as rendering the instrument nonnegotiable. However, taking the opinion as a whole, we do not think it fairly appears that it was intended to so hold. Be this as it may, the Supreme Court evidently held the view that the maturity clause used in the Lane Case was sufficient to render the paper nonnegotiable while the first clause was not, else it could not have consistently adopted the opinion of the Commission in the Lane Case and at the same time denied a writ of error in the Steeley Case, which approved the holding of the Fifth Court of Civil Appeals where the instrument did not contain the maturity clause.

The declaration in the Negotiable Instruments Law that a note or bill of exchange is not rendered nonnegotiable by a statement of the transaction which gives rise to the instrument, is but a restatement of the law as announced by our courts for a number of years. Under the law as it existed prior to the passage of the Negotiable Instrument Act, our Supreme Court repeatedly held that a reference to the transaction out of which the obligation arose, similar to the one in question, was not sufficient to render an instrument nonnegotiable. Smith v. Clopton, 4 Tex. 109; Gee v. Saunders, 66 Tex. 333, 1 S. W. 272; Gannon v. Northwestern Nat'l Bank, 83 Tex. 274, 18 S. W. 573; Hardie v. Wright, 83 Tex. 345, 18 S. W. 615; Adoue v. Tankersley (Tex. Civ. App.) 28 S. W. 346; Buchanan v. Wren, 10 Tex. Civ. App. 560, 30 S. W. 1077; Metropolitan Nat. Bank v. Vanderpool (Tex. Civ. App.) 192 S. W. 589.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.