JOSEPH CAPPS et al., for the use of Philemon B. Price, Appellants, *v.* JOSIAH GORHAM, Appellee.

### APPEAL FROM MORGAN.

A payment to the payee of a note, is valid against an indorsee who acquires it after it is due, whether he had notice of it or not, although the payment was not indorsed.

Such a payment will avail against an equitable holder.

The beneficial owner of a note acquires no better right than an assignee who holds both the legal and equitable interest.

THIS cause was heard by WOODSON, Judge, at March term, 1852, of the Morgan Circuit Court.

M. McCONNEL and J. W. ENGLISH, for appellants.

TREAT, C. J. This was an action brought by Capps and others, to the use of Price, against Gorham. On the trial, the plaintiffs read in evidence a note and indorsements thereon, as follows: —

" $100.                                    November 1, 1850.

" Twelve months after date, I promise to pay one hundred dollars to Joseph Capps, William N. Ross, William Thomas, John Jordan, and Otway Wilkinson, trustees of the Methodist Episcopal church of West Jacksonville, for the purpose of purchasing a lot and building a church for said society.

"JOSIAH GORHAM."

" This note is to be discharged in lumber, of material good and suitable for the within named church, to be delivered on the lot directed by the trustees, at current cash prices, when called on by them or their order, during next spring and summer ; otherwise, it is to be redeemed according to its face.

" JOSIAH GORHAM."

" I assign the within note to P. B. Price.
" November 11, 1851.          BORDWELL & McCORD."

The defendant introduced the following testimony. Rife testified that he was, and had for some time, been in the employment of Bordwell and McCord, who were indebted to him about $120. They agreed to give him notes on different individuals for the amount, which he was to collect. About the 9th or 10th of November, 1851, they placed in his hands the note in question, and Bordwell said he would put a credit on it of $50. He then indorsed thereon in pencil marks : " Rec'd $50," and delivered the note to the witness for the purpose of collecting the balance. Witness did not present the note to the defendant, but returned it to Bordwell the same day. Another witness testified that he was present when the note was handed to Rife, and saw Bordwell put a credit of $50 upon it, in the place where the indorsement was at the time of trial.

The plaintiffs then called McCord, who testified that Bordwell had left the country; Bordwell and witness had been partners as carpenters, and had a contract with the payees of the note to build the church. Defendant did not furnish any lumber for the church, nor was any lumber procured of him put into the church. Bordwell and McCord were indebted to Gorham and Johnson for lumber. Witness did not know whether Price ever saw the credit on the note or not; witness understood from Bordwell that he and defendant had some conversation about crediting the note with the bill of Gorham and Johnson, and that defendant requested it should be done. Bordwell and witness did not know the exact amount of their indebtedness to Gorham and Johnson, but it exceeded $60. Witness thought that Bordwell credited the note with $50, to prevent Rife from collecting a greater sum. Witness did not see the indorsement on the note, nor did he ever see the note after the indorsement was made.

The court rendered judgment for the plaintiffs for $50, from which Price prosecuted an appeal.

The legal title to the note yet remains in the payees, the plaintiffs in this action. They transferred the beneficial inter-

est to Bordwell and McCord, and thereby authorized them to receive payment from the maker, or transfer the same right to another. A payment made on the note while it remained in their hands would be valid against Price, to whom the note was afterwards transferred. He acquired no greater interest in the note than they possessed at the time of the transfer to him. If the maker had previously made a partial payment to them, the payment was *pro tanto* a discharge of his liability, whether it was indorsed on the note or not, and whether Price had notice of it or not when he received the note. Where a payment is made on a note over due, the maker is allowed by statute to set it up against a subsequent assignee of the instrument. And he may equally avail himself of such a payment against a mere equitable holder of the note. It cannot be that a beneficial owner of a note acquires any better right than an assignee who holds both the legal and equitable interest.

The circuit judge was right in his conclusion, that $50 was paid on the note while in the hands of Bordwell and McCord, and before they transferred it to Price. Bordwell and McCord were indebted to Gorham and Johnson, and the defendant, who was one of these creditors, proposed that the amount of the indebtedness should be applied as a credit on the note; and Bordwell indorsed a credit of $50 on the note, and directed Rife to collect the balance only. The proposition was thereby accepted, and carried into full effect. The transaction amounted to the payment of $50 on the note, and of a like sum on the debt due from Bordwell and McCord to Gorham and Johnson. There was, consequently, but $50 due on the note when it passed into the hands of Price; and that amount was all that he could legally demand of the maker.

The judgment is affirmed.

*Judgment affirmed.*