### William Everett et al., Partners under Name of W. Everett & Son, v. Jeremiah H. Sullivan.

1.  PROMISSORY NOTES—*Indorsements of Payments of Interest Do Not Transfer the Legal Title.*—A sale and delivery of a promissory note, with receipts for interest indorsed upon it, signed by the payee, with the sole intention of evidencing payments of the amounts specified in the receipts, do not operate to transfer the legal title of the note.

2.  INSTRUCTIONS—*Questions of Law Are Not for the Jury.*—It is a question of law for the court to decide as to whether the legal title of a promissory note has been transferred by an indorsement upon it, and an instruction submitting that question to the jury for decision is erroneous.

Assumpsit, on a promissory note.    Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding.    Heard in this court at the October term, 1901.    Reversed and remanded.    Opinion filed May 22, 1902.

GEORGE B. QUIGG and R. H. TOWNE, attorneys for appellants; EDWARD LEWIS, of counsel.

MORAN, MAYER & MEYER, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee and against appellants on two promissory notes. The declaration contains a special count on each note and the common counts.    In each of the special counts it is averred that Patrick Connelly, the maker of the note, before the payment of the sum of money mentioned in the note, and before the time limited and appointed for the payment thereof, indorsed the note in writing, and, by said indorse-

ment, ordered and appointed the sum of money in the note specified to be paid to the plaintiff. The defendants, appellants here, pleaded the general issue, and a special plea, in substance as follows: *Actio non*, etc., " for defendants say that the promissory notes, signed by these defendants, payable to the order of Patrick Connelly, now deceased, and alleged in plaintiff's declaration to have been indorsed and assigned to him, J. H. Sullivan, the plaintiff herein, were never by the said Patrick Connelly so indorsed or assigned to him, the said plaintiff herein, J. H. Sullivan, nor to any other person or persons whatever; but that the said notes in said declaration mentioned remained the property of the said Patrick Connelly, now deceased, to the day of his death, and are not now, nor have been, the property of the said J. H. Sullivan, plaintiff herein, but that said notes are now the property of and belong to the estate of the said Patrick Connelly, deceased, or to A. J. Davis, executor," etc.

The notes, with the indorsements thereon, as the same were put in evidence, are as follows:

" CHICAGO, ILL., Nov. 13, 1896.

Six months after date we promise to pay to the order of Patrick Connelly, $250, at our office, 1145 Seventy-sixth street, Chicago, Illinois, value received, with interest at 6 per cent per annum.                W. EVERETT & SON."

On the back of said note:

" Received $7.50, interest to date."

PATRICK CONNELLY, 5–12–'97."

" Received $7.50, interest to date, 11–13–'97."

Then below that is, " Pay to the order of J. H. Sullivan." Then the signature, " Patrick Connelly."

" CHICAGO, ILL., Oct. 21, 1897.

Six months after date we promise to pay to the order of Patrick Connelly, $300, at 1145 Seventy-sixth street, Chicago, value received, with interest at 6 per cent per annum.                Wm. EVERETT & SON."

On the back of that note:

"April 20, 1898. Received on within $9.00 interest to April 21st, '98."

" Pay to the order of J. H. Sullivan.

PATRICK CONNELLY."

It appears from the evidence that the words, " Pay to the order of J. H. Sullivan," next preceding his signatures on the backs of the notes, were not there originally, and it was admitted by the plaintiff's attorney that he wrote those words over the signature of the defendants, and it is also admitted by plaintiff's counsel in their printed argument, " that Patrick Connelly delivered them to J. H. Sullivan with his name written upon the back, the name, however, appearing as an indorsement for interest payments, and, undoubtedly, originally intended for that purpose.    J. H. Sullivan, the plaintiff, testified:   " Mr. Connelly gave me those notes at my place of business, on  or about August 1, 1898.    He gave me those notes as part payment of the sum of $621.25, which he owed me."    He also testified that Connelly's signatures, as above  shown, were on the notes when Connelly gave them to him.    Connelly, the maker of the notes, died April 22,1899.    There is no evidence of anything said by Connelly or the plaintiff in relation to the indorsements on the notes at the time of their delivery to plaintiff, or at all, or that Connelly did anything beyond that testified to by the plaintiff, namely, giving plaintiff the notes in part payment of a debt.

When the notes were offered in evidence, the attorney for the defendants objected, on the ground that the indorsements were merely receipts for interest.   As we understand, the theory of counsel for the plaintiff is,.that Connelly sold the notes to  the plaintiff for a valuable consideration, and that when, on such sale, he delivered them to the plaintiff, his intention that his signatures to the receipts on the backs of the notes should operate as indorsements or assignments for the purpose of transferring the legal title to the plaintiff, is to be presumed, as matter of law, and  therefore  the plaintiff, or his attorney, had legal right to write over Connelly's signatures to  the receipts for  interest the words, " Pay to the order of J. H. Sulllivan."   In other words, the theory of counsel is, that if the payee of a promissory note signs on the back of the note, a receipt for interest, and subsequently sells  and delivers the note, without additional

indorsement, the conclusive legal presumption is that he. adopts his signature to the interest receipt as made, for the purpose of assigning the legal title to the purchaser, and the purchaser may write over such signature any words which he might if the signature were in blank. We can not concur in this view. The written evidence consists of acknowledgments by Connelly, over his signatures, that he received certain sums as interest, and it is admitted that he intended, by his signatures, merely to acknowledge such receipts. The mere fact that he subsequently sold the notes can not, in our opinion, destroy or change the effect of this evidence. The receipts remain as receipts for interest, and as originally intended. The theory of plaintiff's counsel is that Connelly's signatures serve a double purpose—acknowledledgments of payments of interest, and assignments. Section 4 of chapter 98 of the Revised Statutes, entitled Negotiable Instruments, is as follows:

"Any such note, bond, bill or other instrument in writing, made payable to any person named as payee therein, shall be assignable by indorsement thereon, under the hand of such person, and of his assignees, in the same manner as bills of exchange are, so as absolutely to transfer and vest the property thereof in each and every assignee successively."

The mode of transfer of the title to a promissory note thus prescribed is exclusive. Ryan v. May, 14 Ill. 49; Chickering v. Raymond, 15 Ib. 362; Keeler v. Campbell, 24 Ib. 287; Peck v. Bligh, 37 Ib. 317, 330.

In the cases cited it is. held that the assignment of a promissory note by a separate instrument in writing does not transfer the legal title so as to give the assignee a right of action in his own name. If it be the law that an assignment, by a separate written instrument, clearly evidencing the intention of the assignee to transfer the legal title to the assignee, has not that effect, how can it be held that a sale and delivery of a note with receipts for interest indorsed on it, signed by the payee, with the sole intention of evidencing payment of the amounts specified in the receipts, operates to transfer the legal title? Connelly,

deceased, and the plaintiff, must be presumed to have known the law, and the sale and delivery by Connelly to the plaintiff, without other indorsement than the signed receipts, was entirely consistent with Connelly's intention to avoid responsibility as an indorser. If plaintiff had, during Connelly's lifetime, and in apt time, brought suit against him as indorser of the notes, we think it clear that he could not have recovered on the evidence in the record before us. Assuming that there was a sale and delivery to the plaintiff, as testified by him, we are compelled to the conclusion that he acquired only an equitable and not the legal title, and that he can not maintain an action on the notes in his own name. This conclusion disposes of the appeal, but as the cause must be remanded, and there may be another trial in the names of proper parties, we think it expedient to pass on certain objections to rulings of the trial court on evidence. The following question was asked the defendant William Everett :

Q. "Did you pay any interest on these notes, other than that marked upon the back of the note, to Patrick Connelly, during his lifetime?"

And this question was asked Hattie Sattler, stepdaughter of Connelly, deceased, who lived with her stepfather, and who had testified that she saw the notes in Connelly's hands, at his house, many times, the last time being about the middle of February, 1899:

Q. "Were you present at any time when there was any interest paid on these notes by Mr. Everett?" The Court: "Do you mean interest indorsed on notes?" Defendant's attorney: "Not what is indorsed on the notes; other interest."

The court excluded both questions. Any payment made by the maker of a note while it remains in the hands of the payee is valid as against an assignee, who became such subsequent to the payment, whether such payment is, or not, indorsed on the note. Capps v. Gorham, 14 Ill. 198; Webster v. Cobb, 17 Ib. 459.

If, therefore, the defendant Everett paid any interest, not credited by indorsement on the notes, to Connelly, deceased,

prior to the sale and delivery of the notes to the plaintiff, it was competent to prove such payments. In regard to objections to instructions, it is sufficient to say that, assuming the truthfulness of the evidence for appellee, it was a question of law for the court to decide, whether the legal title to the notes had been transferred to the plaintiff, and instructions submitting that question to the jury for decision are erroneous.

The judgment will be reversed and the cause remanded.

BALL, J., took no part in the decision of this appeal.